IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RESEA PROJECT APS** | § | **Civil Action  5:21-cv-1132** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **RESTORING INTEGRITY TO THE** | § | |
| **OCEANS, INC. AND** | § | |
| **KIERAN KELLY** | § | |
| | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**VERIFIED ORIGINAL COMPLAINT AND
APPLICATION FOR PRELIMINARY INJUNCTION**

Plaintiff ReSea Project ApS ("Plaintiff" or "ReSea") files this Verified Original

Complaint and Application for Preliminary Injunction against Defendants Restoring Integrity to

the Oceans, Inc. ("RIO") and Kieran Kelly (collectively, "Defendants").  Plaintiff's allegations

are based upon personal knowledge as to itself and the knowledge of Henrik Breck, as evidenced

by the accompanying Declaration of Henrik Breck (the "Breck Declaration") attached hereto as

Exhibit A.

**I.
PARTIES AND SERVICE OF CITATION**

1.     ReSea Project is a private limited company, duly formed and existing under the

laws of Denmark and having a principal place of business and registered office in Herlev,

Denmark.  Ex. A, ¶ 2.

2.     Upon information and belief, RIO is a corporation, organized under the laws of

the state of Texas, with its principal place of business and registered agent in San Antonio,

Texas.

3.      Upon information and belief, Kieran Kelly is the founder and Chief Executive Officer of RIO.

**II.**
**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1) because the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      This Court has personal jurisdiction over Defendant RIO because RIO is domiciled in the State of Texas and has sufficient minimum contacts with this forum so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice. RIO may be served thru its registered agent United States Corporation Agents, Inc. at 9900 Spectrum Drive, Austin, Texas 78717.

6.      This Court has personal jurisdiction over Defendant Kelly.  Upon information and belief, Defendant Kelly has maintained continuous and systematic contacts with Texas by virtue of his involvement in RIO.  In addition, Defendant Kelly has engaged in repeated online contacts with forum residents over the internet.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(f)(1) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this District. In addition, Defendants have engaged in repeated online contacts with forum residents over the internet.

**III.**
**FACTUAL BACKGROUND**

**A.      Parties and Actors**

8.      Plaintiff ReSea Project is a for profit company working to end the ocean plastic crisis.  Ex. A, ¶ 3.  ReSea cleans plastic from oceans and rivers in order to stop plastic waste from harming these areas.  *Id.*  ReSea sells plastic services to its customers.  ReSea's customers contribute financially to provide for the cleanup of a set amount of plastic waste.  *Id.*  Customers can then leverage their financial commitments to help meet their individual sustainability goals and/or support their sustainable brand profiles.  *Id.*

9.      ReSea is just the second organization in the world to be certified to DNV's[1] standard for plastic collected in the hydrosphere.  Ex. A, ¶ 4.  The certification provides proof of the source of the collected plastic and covers ReSea's process from collection up until the delivery of the plastic to the waste banks.  *Id.*  After ReSea's waste is collected, it is sorted, put into sacks, tagged, weighed, and then delivered to local waste banks.  *Id.*  The waste banks in turn distribute the plastic waste for further recycling and waste handling purposes.  *Id.*  ReSea's tracking of recovered plastic through each step of its collection and delivery process is designed to demonstrate that ReSea's work in fact serves to make oceans and rivers cleaner from plastic waste.  *Id.*  The tracking also provides its customers with certainty as to the impact made by their financial contributions to ReSea.  *Id.*

10.     RIO, according to its website, was founded with a similar purpose, "to address the challenges of plastic waste that plague our oceans and waterways around the world." *See* Exhibit

---

[1]        DNV is an international accredited registrar and classification society headquartered in Høvik, Norway which provides certification services for several industries including maritime, oil & gas, renewable energy, electrification, food & beverage and healthcare.

B, excerpt from RIO's website.[2]  RIO is a for-profit company and ReSea competitor.  *Id.*  On information and belief, RIO sells plastic offset credits, which it describes as "similar to the highly successful carbon offset programs, enabling businesses small and large to become Plastic Neutral." *See Id.*

**B.**     **Defendants' False Statements Regarding ReSea**

11.     On or about September 2021, RIO began publishing false statements regarding ReSea.  These false statements, including the following, asserted that RIO had collected plastic waste which ReSea had dumped waste in illegal dumpsites.  RIO further claimed that ReSea and had added material other than plastic to the plastic waste it had collected.



---

[2]         Collected from https://oceansintegrity.com/ on November 15, 2021



RIO is a environmental company and this disgusting practice needs to end. I spoke with the DNV recently about collections of plastic and how does this work. They said on five occasions on this call that trust is a major part of the DNV's program ???

You can see how the trust is working ?

VeChain is a partner of ReSea and quickly distanced itself from ReSea after this was highlighted

ReSea parent company is a larger packaging company from Denmark and this is nothing short of corporate greenwashing

*See* Exhibit A-1.  The statements accused ReSea of "Greenwashing"—a term used to refer to the process by which some companies and organizations mislead their consumers or audiences by making them believe that a product, service they provide, or the organization itself is environmentally friendly or sustainable, when it is not.[3]  While the second allegation is difficult to follow, it appears to imply that ReSea added materials to its collections in order to artificially inflate the weight of ReSea's collections.[4]  The post also indicated that Defendants had made these false allocations to ReSea's certifying body, DNV.

---

[3]  *See, e.g., https://www.globalcitizen.org/en/content/greenwashing-what-is-it-and-how-to-avoid-it/#:~:text=What%20is%20the%20Definition%20of,sustainable%2C%20when%20it%20is%20not.*

[4]  A later post claims that ReSEA was adding non-plastic waste to its collections, "to make indigenous fisherman look bad."  Though how these alleged actions would benefit ReSea is not clear.

12.     Defendant Kelly re-asserted these allegations in written communications with representatives of ReSea.  On or around September 11, 2021, Kelly, founder and Chief Executive Officer of RIO, emailed ReSea and represented that, "[w]e collected lots of plastic with the last few months that was dumped into the rivers in bales and bags. Hundreds of tons of this plastic is belong [sic] to ReSea."  *See* Correspondence from Defendant Kelly, dated September 11, 2021, attached as Exhibit C.   Though Defendants initially agreed to provide information about the alleged dump sites and samples of the plastic that was recovered, Defendants backed out of that agreement. *See* Correspondence with Defendant Kelly RIO's COO, dated September 20, 2021, attached as Exhibit D.

**C.     ReSea's investigation showed that RIO's allegations are false and in fact, RIO purchased a substantial amount of plastic collected by ReSea**

13.     ReSea immediately began an investigation of the serious claims asserted by Defendants.  However, despite Defendants' claims that the ReSea plastic in its possession was "dumped into rivers in bales and bags," ReSea confirmed, utilizing the traceability created by ReSea's certified process, that the waste plastic was properly handled while in ReSea's possession.  *See* Exhibit A, ¶ 7.  ReSea's investigation further indicated that RIO had actually purchased the plastic at issue from the local recycling facility with whom ReSea works. *Id.*

14.     Specifically, ReSea's investigation of RIO's allegations has shown the following:

- The collected plastic waste at issue was delivered to one of ReSea's local waste bank partners; *Id.*

- Upon information and belief, the waste bank sold the plastic waste received from ReSea to a local recycling facility; and

- Upon information and belief, RIO then purchased the plastic from that recycling facility.

15.    In other words, upon information and belief, RIO purchased plastic waste originally collected by ReSea and then photographed that waste and published pictures of it on various social media outlets claiming that RIO had collected the plastic from the hydrosphere. Initially, RIO vehemently denied purchasing plastic collected by ReSea (*See* Exhibit D, in which RIO's CEO states, "[t]hese plastic bags came from several locations including the bank of the river…," and Exhibit E, in which RIO's COO denies purchasing plastic, "your false claim of purchasing plastic to imply that we are anything other than a hands on front line plastic waste recovery operation should stop immediately as well."). RIO's public statements are patently false and appear to have been made in an effort to damage ReSea's reputation and to interfere with ReSea's existing and potential business relationships.

**D.    RIO continues to make defamatory statements**

16.    ReSea has shared the results of its investigation with Defendants. *See* Exhibit D and Exhibit F. ReSea invited Defendants to provide any additional information refuting these findings or clarifying their allegations about ReSea. Defendants have refused to do so. Defendants RIO and Kelly have, however, continued to make false and defamatory statements about ReSea on social medial platforms, tagging customers, media and other stake holders, as shown below. The posts have attracted comments from viewers all over the world, including in the U.S.

17.    Among the host of outlets tagged by RIO are GoErie.com/Erie News Now/Erie Times-News, Erie Insurance, JET/FOX/YourErie, Fox News, CNN International, Greenpeace USA, and One Green Planet. Upon information and belief, each of these organizations is based in the United States of America and, collectively, these outlets have thousands of subscribers, including a significant number of subscribers in this District. Upon information and believe, the effect of the alleged defamation was intended to be felt in the Western District of Texas.

 **RIO :- Restoring Integrity to the Oceans**
16. oktober kl. 06.43 · 🌐

Please share and expose this Fraudulent Company

Shame on ReSea for greenwashing and polluting ir
you for staging collections trying to make indigenc
Indonesia look bad.

Putting oil into bags of plastic to make bags heavi
Fraud.

Bags that should have a weight of 5-7 kilos ReSea
rock and netting and they've increased the weight
months the bag in the video still had a weight of 2

ReSea then used a blockchain called VeChain to re
sold the plastic offsets for €8 per kilo.

Below is a link of the parent company of Resea

https://www.linkedin.com/company/pack-tech-a-s

Danish Refugee Council Danish News The Danish
Danish Fashion Danish police Danish politics Danis
Vechain News VeChain DNV Live Nation Denmark
Go VisitDenmark Embassy of Denmark in Indonesi
Denmark News.Net Min By News – Viborg Hadsun
Packaging Joka Packaging ApS Copa Coca-Cola E
GoErie.com | Erie Times-News Erie Insurance JET/
Fox News ARY News YAN News Dunya News Sky I
International River Cleanup Extra News Irish Emba
Embassy – Jakarta, Indonesia New Zealand Embas
Indonesia The Jakarta Post Pacific Place Jakarta T
98.7  fm Jakarta Dinas Lingkungan Hidup DKI Jaka
Foundation, Jakarta Four Seasons Hotel Jakarta J
HKTDC Jakarta Greenpeace International Greenpe
Planet OceanX



0:19 / 7:21

👍❤ 24                                    9 kon

👍 Synes godt om          💬 Kommenter

Skriv en kommentar ...

**John Matheson**
What a disgrace of a company well done fc
what they are doing

Synes godt om · Svar · 1 d.

**Catherine O Donovan** · 2:40
Well done **Kieran**, the world needs more pe
Really proud to know you xx

Synes godt om · Svar · 1 d.
Mest relevante er valgt, så nogle svar kan være bl

**RIO :- Restoring Integrity to the Oceans**
**Catherine O Donovan** disgraceful bu
a massive company disguised as a er
company. Attacking local fishermen t
collections we won't let go

Synes godt om · Svar · 1 d.

↳ Vis 1 svar mere

**Dan Jordan** · 1:04
Good on you Kieran for exposing this.


Skriv en kommentar ...


**John Matheson**
What a disgrace of a company well done f
what they are doing

Synes godt om · Svar · 1 d.


**Catherine O Donovan** · 2:40
Well done **Kieran**, the world needs more p
Really proud to know you xx

Synes godt om · Svar · 1 d.


**RIO :- Restoring Integrity to the Oceans**
**Catherine O Donovan** disgraceful bu
a massive company disguised as a e
company. Attacking local fishermen
collections we won't let go

Synes godt om · Svar · 1 d.


**Catherine O Donovan** · 5:13
I'm glad you are making people awar
like this, it needs to go public to let t

Synes godt om · Svar · 1 d.


Svar Catherine O Donovan ...


**Dan Jordan** · 1:04
Good on you Kieran for exposing this.

Synes godt om · Svar · 2 d.           2


**Kieran Kelly** · 0:00
**Dan Jordan** multiple reports from in
auditing companies are backing our
will be posted over the next few wee
takes responsibility for this mess. Th
apologise to the Indonesian people f

10

*See* Exhibit A-2.

18.     Among the host of outlet pages tagged by Defendant Kelly in his post are a number of pages for organizations in the United States, including OceanX, the Johnson Harvard Business Analytics Program, the University of California, Los Angeles, Business Insider, Boston College, Berkley, Dow, and Kirkland & Ellis.  In addition, Defendant Kelly specifically tagged Baylor University, located in Texas.  Upon information and belief, each of these U.S. organizations are in the United States and followed by, collectively, thousands of individuals in the United States, Texas, and this District.  Upon information and belief, tagging these organizations was intended to make the posts available to a larger audience, including those in the U.S., Texas, and this District. Upon information and belief, the effect of the alleged defamation was intended to be felt in the Western District of Texas.



**Kieran Kelly** · 3.+
CEO at Oceans Integrity
2d · Redigeret · 🌐

Shame on ReSea for greenwashing and polluting in Inc
staging collections trying to make indigenous fisherme

Putting oil into bags of plastic to make bags heavier is

Bags that should have a weight of 5-7 kilos ReSea bag
netting and they've increased the weight to 35-40 kilc
in the video still had a weight of 20 kilos.

ReSea then used a blockchain called VeChain to regist
the plastic offsets for €8 per kilo.

This attachment is of the parent company of ReSea ht

Tom Jackson Tom Harwood Ambassador Nicholle Cl
Almuth Siegl Grainne Dolan Keith Flitner, MBA, PMP
Guerrero Hannah Duncan H Fisk Johnson Harvard B
Program University of California, Los Angeles Baylor
Insider Boston College University of California, Berk
DellaVecchia Danone Dow DHL San Diego State Univ
Aristo Purboadji ERM: Environmental Resources Mai
Environmental Leadership Program Fabian Garcia Di
Renewable Energy General Motors DNV VeChain Ter
Ellis Logistics Plus Inc. Flemming Nordsøtrawl Sam I
Copenhagen Offshore Partners Copenhagen Infrast
Copenhagen Business School Copenhagen Busines:
Programmes HUONE Copenhagen Meeting and Ever
Copenhagen Digital Copenhagen Danish Crown Dan
R Danish. News Channel Polar Seafood Denmark De
DFDS Denmark Young Professionals in Denmark Der
AWA Denmark GTE Denmark The Hidden Sea Wine I
Kneipp Benelux Stoli® Group Jeanne Puspita Jean-F

*See* Exhibit A-3.

12

19.     Despite its previous denials, RIO has recently admitted that it did in fact purchase the plastic previously collected by ReSea from a third party.

### IV.

### CAUSES OF ACTION

**A.     Defamation (Against All Defendants)**

20.     Paragraphs 1-18 are referred to and incorporated as if they were expressly stated in full here.

21.     Defendants made false statements of fact about Plaintiff to third parties.

22.     Those statements caused the plaintiff reputational or material harm.

23.     Defendants acted either negligently or purposefully.

**B.     Tortious Interference with a Contract (Against All Defendants)**

24.     Paragraphs 1-18 are referred to and incorporated as if they were expressly stated in full here.

25.     There is an existing contract between ReSea and the certifying body, DNV.

26.     Defendants willfully and intentionally acted to interfere with that contract.

27.     Defendants' willful and intentional acts proximately caused Plaintiff's injury.

28.     This willful and intentional act caused actual damages or loss.

**C.     Request for Temporary Injunction (Against all Defendants)**

29.     Paragraphs 1-18 are referred to and incorporated as if they were expressly stated in full here.

30.     Plaintiff asks the Court to set its application for injunctive relief for evidentiary hearing on the issues in this application and, after the hearing, to issue a preliminary injunction against all Defendants, as outlined below, pending a final merits decision in this case.

31.     Plaintiff seeks a temporary injunction against Defendants to prevent Defendants

from making further false statements regarding Plaintiff and to protect Plaintiff from immediate and irreparable harm.  Specifically, a temporary injunction is necessary to prevent Defendants from continuing to falsely claim that Plaintiff and its local waste bank partners in Indonesia have dumped waste in illegal dumpsites, have added material other than plastic to Plaintiff's collections, or that Plaintiff otherwise engages in "greenwashing."

32.     Plaintiff will suffer imminent irreparable injury if Defendants are allowed to continue to make these types of statements while this matter is pending.

33.     There is no adequate remedy at law for the harm Plaintiff will suffer from Defendants' continued publication of these false statements.  *See ITT Educational Svcs. v. Arce*, 533 F.3d 342, 347 (5th Cir. 2008). Declaration, Ex. A, at ¶10; *see also Kroblin Refrigerated Xpress v. Pitterich*, 805 F.2d 96, 103 (3d 1986) ("When a court cannot arrive at a legal measure of damages with a sufficient degree of certainty, no adequate remedy at law exists." (citation omitted)); *Cytogenix, Inc. v. Waldorff*, 213 S.W.3d 479, 487 (Tex. App.— Houston [1st Dist.] 2006, pet. denied) ("An 'irreparable injury' is one for which actual damages will not adequately compensate the injured party or the damages cannot be measured by any certain pecuniary standard.")

34.     There is a substantial likelihood that Plaintiff will prevail on the merits.

35.     The harm Plaintiff would sustain if the temporary restraining order were not granted outweighs the harm faced by the Defendants. In light of the fact that Plaintiff's threatened injury is irreparable, Defendants must produce "powerful evidence of harm to its interests" to show that the balance of equities remains in their favor.  *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 297 (5th Cir. 2012).  Issuance of a preliminary injunction in this private matter would not adversely affect the public interest.

36.     Plaintiff asks that it not be required to post a bond.

37.     Plaintiff asks the Court to set its application for a preliminary injunction at the earliest possible time after expedited discovery has been conducted and, after hearing the request, to issue the preliminary injunction against Defendants.

**V.**

**REQUEST FOR RELIEF**

For the reasons described above, Plaintiff respectfully requests that the Court order as follows:

(1) issue a temporary injunction enjoining Defendants as follows:

- Ordering that Defendants refrain from making any false statements regarding Plaintiff, including but not limited to statements alleging that: (1) Plaintiff or its local partners have dumped waste in illegal dumpsites, (2) Plaintiff or its local partners have added material other than plastic to Plaintiff's collections, or (3) that Plaintiff otherwise engages in "greenwashing", or practices to make its operations artificially appear more environmentally friendly.

- Order that Defendants take down and correct their previous false statements regarding Plaintiff, including but not limited to statements alleging that: (1) Plaintiff or its local partners have dumped waste in illegal dumpsites, (2) Plaintiff or its local partners have added material other than plastic to Plaintiff's collections, or (3) that Plaintiff otherwise engages in "greenwashing", or practices to make its operations artificially appear more environmentally friendly.

(2) enter a permanent injunction enjoining Defendants as follows:

- Ordering that Defendants refrain from making any false statements regarding Plaintiff, including but not limited to statements alleging that: (1) Plaintiff or its local partners have dumped waste in illegal dumpsites, (2) Plaintiff or its local partners have added material other than plastic to Plaintiff's collections, or (3) that Plaintiff otherwise engages in "greenwashing", or practices to make its operations artificially appear more environmentally friendly.

- Order that Defendants take down and correct their previous false statements regarding Plaintiff, including but not limited to statements alleging that: (1) Plaintiff or its local partners have dumped waste in illegal dumpsites, (2) Plaintiff or its local partners have added material other than plastic to Plaintiff's collections, or (3) that Plaintiff otherwise engages in "greenwashing", or practices to make its operations artificially appear more environmentally friendly.

(3) award Plaintiff pre- and post-judgment interest at the maximum rate permitted by law; and

(4) award Plaintiff all other relief, in law or equity, to which it is entitled.

Dated: November 15, 2021                            **DLA PIPER LLP (US)**

                                                    */s/ Marc D. Katz*
                                                    Marc D. Katz
                                                    State Bar No. 00791002
                                                    Marc.Katz@us.dlapiper.com
                                                    1900 N. Pearl St. Suite 2200
                                                    Dallas, Texas 75201
                                                    Telephone: (214) 743-4500
                                                    Facsimile: (214) 743-4545

                                                    Allissa A.R. Pollard
                                                    Texas Bar No. 24065915
                                                    Mark.Waite@dlapiper.com
                                                    1000 Louisiana Street, Suite 2800
                                                    Houston, TX  77002
                                                    Telephone: (713) 425-8445
                                                    Facsimile: (713) 425-8401

                                                    *Attorneys for ReSea Project APS*