IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RESEA PROJECT APS<br><br>Plaintiff,<br><br>v.<br><br>RESTORING INTEGRITY TO THE OCEANS, INC. and KIERAN KELLY<br><br><br>Defendants. | § § § § § § § § § § § § § § § § § | Civil Action 5:21-cv-01132-JKP-HJB |

**PLAINTIFF RESEA PROJECT APS'S SUPPLEMENTAL BRIEF
IN SUPPORT OF ITS *EMERGENCY* MOTION
FOR TEMPORARY RESTRAINING ORDER AND OTHER RELIEF (ECF NO. 16)**

Because Defendants Restoring Integrity to the Oceans, Inc. ("RIO") and Kieran Kelly have continued unlawfully disparaging Plaintiff ReSea Project ApS ("Plaintiff" or "ReSea Project") *after* the filing of ReSea Project's Emergency Motion for Temporary Restraining Order (the "Emergency Motion") (ECF No. 16), ReSea Project respectfully submits this short supplemental brief and attaches the First Supplemental Declaration of Henrik Breck, attached as **Exhibit A** (hereinafter, "Supp. Breck Decl."), to apprise the Court of recent developments and their implications.

I.  BACKGROUND

As explained in the Emergency Motion, Defendants' claims of illegal dumping, fraud, and other impropriety by ReSea Project are false, misleading, and, frankly, make no sense given the controls that ReSea Project has in place. *See, e.g.*, ECF No. 16-1 at ¶¶ 11-19.[1] Notwithstanding the filing of ReSea Project's Emergency Motion on January 20, 2022, RIO and Kelly have continued pursuing their false attacks against ReSea Project. On January 21, 2022, RIO and Kelly posted a video on their social media accounts disparaging ReSea Project (the "January 21 Video"). *See, e.g.*, Kelly LinkedIn Post, *available at* https://www.linkedin.com/posts/kieran-kelly-5b6774a_packtech-environmental-training-ugcPost-6890164807778095104-fqbk (last visited Jan. 27, 2022);[2] Supp Breck Decl. at ¶¶ 4-6.

In that video, Kelly states:

> A couple of months back, we called out a company – an environmental company called ReSea. . . . Behind me here is many, many bags belonging to ReSea, bags that they collected, bags that they collected and they put on the blockchain . . . . [T]he auditing for this entire process was done by a massive third-party auditing company called the DNV. . . . ReSea turned to the business world and companies from all over the world . . . . Those companies bought into the whole spiel coming from the DNV and coming from ReSea regarding how this whole thing was going to go down, but, of course, that didn't happen. . . . ***Greed came into it and, of course, the plastic wasn't handled correctly.*** . . . ***The companies that took part in this that were duped by ReSea, a lot of companies,*** . . . MessyWeekend, Stoli, Rockay, Eva Solo, Worthmore, FlooringSuperstore.com, Urban Alley Brewery, []

---

[1] *See also* Supp. Breck Decl. at ¶ 10 ("[B]atches of reclaimed plastic are weighed at collection and again upon delivery to the waste bank. Several factors can cause minor variations between the measured weight of reclaimed plastic at collection and at the waste bank—such as the calibration of the scales, environmental conditions, etc. In the rare instances where the weight of a batch of bagged reclaimed plastic varies more than 10% between the measurements at collection and at the waste bank, the plastic credit for the entire batch is voided. In other words, in the rare instances where there is a significant discrepancy in weight between measurements at collection and at the waste bank, ReSea Project customers are *not* charged for that material.").

[2] ReSea Project respectfully requests that, pursuant to Rule 201(c)(2) of the Federal Rules of Evidence, the Court take judicial notice of all social media posts and other internet content cited in this Supplemental Brief and in the First Supplemental Declaration of Henrik Breck.

> Simple Goods, Nordic Oil, Royal Danish Yacht Club, **Yellow Lids**, Readers [] Copenhagen, Kingfish, just to mention a few.  One of the companies I feel sorry for – again, another one of these companies that got duped by – by ReSea and by DNV was the **Hidden Sea**, a wine company there in Australia.  It's a great company and, of course, they bought into this themselves. . . . I guess, you know, ***it's time for companies to . . . reflect and look carefully at where they're getting their offsets*** . . . . Again, as you can see behind me, it's a broken problem.  One of the biggest problems we saw. . . was the amount of oil that was on the plastics . . . that ***they weighed to increase the kilos of the plastic they were actually pulling from the water***. . . . One of the other problems that we saw inside the bags again that pushed me [] to push so hard against the likes of ReSea was ***the amount of netting that they put into the bags, small pieces of netting that were chopped up and put into each bag***. . . . To try and paint a picture and say that Indonesian people and Indonesian fishermen are responsible for this is downright disgraceful.

*See* Transcription of January 21 Video, attached as **Exhibit B**, at 2:01-5:24 (emphasis added).

RIO and Kelly's false smear campaign is continuing to have its intended, adverse effects on ReSea Project.  On January 24, 2022, Yellow Lids (one of the ReSea Project customers that Kelly named in the January 21 video) e-mailed ReSea Project a link to the video, stating:

> I wanted to inform you we've been contacted by Keiron Kelly [sic], who I have no doubt you're well aware of . . . .  I wanted to give you the opportunity to let us know how ReSea are [sic] responding to this and if you are planning to comment to your partners/sponsors?  Yellow Lids was named, along with many others in the following video, so I'd appreciate you helping me to understand your perspective on the matter and how ReSea Project is managing the situation.

*See* E-mail from N. Baines (Yellow Lids) to C. Tangdal (ReSea Project), dated Jan. 24, 2022, attached as **Exhibit A-5**.  Indeed, multiple ReSea Project customers have now inquired about Defendants' false attacks on social media.  *See, e.g.*, E-mail from K. Kelly to The Hidden Sea, dated Jan. 5, 2022, attached as **Exhibit A-1**.

## II.     ARGUMENTS & AUTHORITIES

The January 21 Video underscores why immediate injunctive relief is necessary, and it directly refutes positions that Defendants have advanced in opposing ReSea Project's Emergency Motion.

For example, in his declaration, Kelly claims that ReSea Project and RIO are not competitors, pointing to differences their respective approaches to monetizing ocean plastic reclamation. *See* ECF No. 18-1 at ¶¶ 4-5. Defendants make this surprising claim, apparently, in an attempt to avoid application of the Lanham Act and, as a corollary, the Trademark Modernization Act of 2020's amendments that create a presumption of irreparable harm in Lanham Act cases, such as this one. *See* ECF No. 16 at §§ III.A(1)(a), (2).

Defendants' arguments are disingenuous, to say the least. Kelly acknowledges that RIO sells "**plastic offsets**." ECF No. 18-4 at ¶ 4 (emphasis added). RIO and Kelly market their "**plastic offsets**" using the same social media accounts they are using to attack ReSea Project. *See* ECF No. 14 at ¶¶ 29-30; *see also* Exhibits A-3 – A-4. And, in the January 21 Video, Kelly urged ReSea Project customers, by name, to "reflect" and reconsider "where they're getting their **offsets**." *See* January 21 Video Transcript at 04:16-20 (emphasis added); *see also* Exhibit A-5. Under the circumstances, Defendants cannot claim in good faith that ReSea Project and RIO are not competitors.

What's more, even if RIO and ReSea Project somehow were not competitors (they are), RIO's false attacks on ReSea Project would still be subject to the Lanham Act. *See, e.g.*, *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 136 (2014) (Scalia, J.) (holding in a unanimous opinion that a non-competitor can bring a false advertising claim under the Lanham

Act if the non-competitor alleges "an injury to a commercial interest in reputation or sales" that flows "directly from the deception wrought by the defendant[]").

### III.     CONCLUSION & REQUEST FOR RELIEF

ReSea Project respectfully submits that immediate injunctive relief is appropriate and necessary to prevent Defendants from causing further irreparable harm to ReSea Project.

Dated: January 27, 2022

Respectfully submitted,

**DLA PIPER LLP (US)**

/s/ Marc D. Katz
Marc D. Katz
Texas Bar No. 00791002
marc.katz@us.dlapiper.com
1900 N. Pearl St. Suite 2200
Dallas, Texas 75201
T: 214.743.4500
F: 214.743.4545

Allissa A.R. Pollard
Texas Bar No. 24065915
allissa.pollard@us.dlapiper.com
1000 Louisiana Street, Suite 2800
Houston, TX  77002
T: 713.425.8445
F: 713.425.8401

Christopher B. Donovan, *pro hac vice*
Texas Bar No. 24097614
christopher.b.donovan@us.dlapiper.com
1000 Louisiana Street, Suite 2800
Houston, TX 77002
T:  713.425.8449
F:  713.300.6040

*Counsel for Plaintiff ReSea Project ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 27, 2022, a true and correct copy of the foregoing document has been served upon all counsel of record.

>*/s/ Christopher B. Donovan*
>Christopher B. Donovan