UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RESEA PROJECTS APS<br>*Plaintiff,*<br><br>v.<br><br>RESTORING INTEGRITY TO THE<br>OCEANS, INC. AND KIERAN KELLY<br>*Defendant.* | §<br>§<br>§<br>§   CAUSE NO. 5:21-CV-1132-JKP<br>§<br>§<br>§<br>§ |

## DEFENDANTS' MOTION TO DISMISS
## PLAINTIFF'S FIRST AMENDED COMPLAINT IN PART

TO THE HONORABLE COURT:

Defendant Restoring Integrity to the Oceans, Inc. and Defendant Kieran Kelly file their Motion to Dismiss Plaintiff's First Amended Complaint in Part, and would show the Court as follows:

### INTRODUCTION

1. Plaintiff ReSea Project APS has alleged that (a supposed) business competitor, Defendant Restoring Integrity to the Oceans Inc., and its CEO, Defendant Kieran Kelly, have made false statements regarding ReSea's business practices to, among others, DNV—the international certifying body for ReSea's business and to ReSea's customers. ReSea alleges Defendants' supposedly false statements amount to tortious inference with a contract under Texas law. But ReSea has failed to alleged how Defendants' statements have induced or caused DNV or ReSea's customers to breach any material term of the alleged contracts with ReSea. Accordingly, ReSea's tortious interference claim should be dismissed with prejudice.

{00759947}

**PLEADING BACKGROUND**

2. ReSea alleges that it is a for profit company working to end the ocean plastic crisis by cleaning plastics from rivers and oceans to stop plastic waste from harming those areas. First Amended Complaint, ¶ 13. It further alleges that it sells its removal services to its customers and that the customers contribute financially to provide for cleanup of a set amount of plastic waste, which they then may leverage to meet their individual sustainability goals or to support their brand profiles. *Id*, ¶ 14. ReSea alleges its services are certified by a an international organization, DNV, that provides proof of the source of its plastics collections and covers the process from collection up to delivery of the plastic to local waste banks. *Id.*, at ¶ 16.

3. ReSea further alleges that Defendant Restoring Integrity to the Oceans ("RIO") is its business competitor, id., ¶ 19, and that RIO and its CEO, Defendant Kieran Kelly, falsely accused ReSea of "greenwashing"—i.e., that ReSea was misleading its customers and the public by falsely claiming its services were environmentally friendly or sustainable. *See, e.g., id.*, at ¶¶ 31, 45–59. ReSea alleges Defendants directly made these purportedly false allegations to DNV. *Id.*, at ¶ 58, and to its customers, including The Hidden Sea. *Id.*, ¶ 54. ReSea also generally alleges Defendants have continued to make defamatory statements regarding the "greenwashing" over social media platforms, tagging customers, media, and other stakeholders. *Id.*, at ¶ 59. Based on these alleged facts, ReSea alleges a cause of action for, *inter alia*, tortious interference with a purported contract with DNV. *Id.*, at ¶¶ 80–86.

**STANDARD FOR DISMISSAL FOR FAILURE TO STATE A CLAIM**

4. Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544 (2007). A Rule 12(b)(6) motion requires the court to "accept the plaintiff's well-pleaded facts as true and [to] view them in the light most favorable to the plaintiff." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007). However, the court 'will not strain to find inferences favorable to the plaintiffs' and will not accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Inves. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005). The court must consider the complaint in its entirety, as well as other documents and other matters of which the Court may take judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). If the complaint and other documents that may be considered do not set forth enough facts to state a claim for relief that is plausible on its face, it must be dismissed. *Hines v. Allredge*, 783 F.3d 197, 201 (5th Cir. 2015).

## ARGUMENT & AUTHORITIES

**TORTIOUS INTERFERENCE WITH CONTRACT**

5.  ReSea alleges that Defendants have tortious interfered with a contract between ReSea and the certifying body, DNV, and with ReSea's customers. First Amended Complaint, ¶¶ 13–18. ReSea alleges that it Project entered into a contract with DNV and paid certain fees for an evaluation and for periodic reviews and associated fees. Id., ¶¶ 16–17. ReSea alleges it has contract with customers that enter into a contract with ReSea for the reclamation of a certain amount of plastic from the hydrosphere in exchange for a fee, which customers then leverage for their own individual sustainability goals or to support their sustainable brand profiles.

6.  Under Texas law, tortious interference comprises four elements: (1) that a contract subject to interference exists; (2) that the alleged act of interference was willful and intentional; (3) that the willful and intentional act proximately caused damage; and (4) that actual damage or loss occurred. *Wilkerson v. Uni. of N. Tex.*, 878 F.3d 147, 158 (5th Cir. 2017). To prevail, the

plaintiff must prove that the defendant's alleged interference resulted in the breach of some obligatory portion of the contract. *WickFire, L.L.C. v. Woodruff*, 989 F.3d 343, 354 (5th Cir. 2021).

7. In this case, ReSea's tortious interference claim must be dismissed because ReSea has failed to allege that DNV, The Hidden Sea, or any other customer of ReSea has breached an obligatory portion of a contract with ReSea. The Fifth Circuit's decision in *WickFire* in which it applied Texas Supreme Court precedent on this requirement, is instructive. *See WickFire*, 989 F.3d at 354 (analyzing and applying *El Paso Healthcare Sys., Ltd. v. Murphy*, 518 S.W.3d 412 (Tex. 2017)). In *Wickfire*, the plaintiff sued its competitor in the search engine marketing business for tortious interference for creating advertisements that were falsely attributed to Wickfire and that violated the terms and conditions of Wickfire's contracts with third-parties. *Id.* at 348. The Fifth Circuit held that the tortious interference claim failed because there was no evidence that the defendant's actions had caused any of Wickfire's contracting third parties to breach their contracts with Wickfire. *Id.* at 356.

8. Similarly, the Corpus Christi court of appeals has held that a defendant's mere encouragement of a third-party to end its contractual relationship with the tortious interference plaintiff is insufficient to support the cause of action where there is no evidence the third-party acted to terminate the contractual relationship. *Playboy Enterprises, Inc. v. Editorial Caballero, S.A. de C.V.*, 202 S.W.3d 250, 265 (Tex. App.—Corpus Christi 2006, pet. denied).

9. So too here. ReSea has failed to allege that DNV, The Hidden Sea, or any other customers have acted to breach or terminate the purported contract between ReSea and DNV. To be sure, Plaintiff has alleged that DNV conducted a "semi-announced" audit of ReSea's opertaions following Defendants' social media postings. First Amended Complaint, ¶ 37. But ReSea never alleges that DNV did not have the right to request such an audit, or that it was a breach of the

purported contract between ReSea and DNV to request such an audit. Further, as to ReSea;s customers, ReSea specifically alleges that Defendants knew about ReSea's purported contract with The Hidden Sea and specifically reached out to The Hidden Sea regarding their findings and allegations. Id., ¶¶ 66, 71, 84–85. But again, ReSea never alleges or identifies any action taken by The Hidden Sea, or any other customer, to breach the purported contracts with ReSea. In fact, Plaintiff's complaint never even alleges that Defendants' encouraged DNV or The Hidden Sea to breach the purported contracts with ReSea. Accordingly, its tortious interference claim against Defendants should be dismissed.

## PRAYER

10.   Defendant Restoring Integrity to the Oceans, Inc. and Defendant Kieran Kelly pray that this Court grant the motion to dismiss the first amended complaint in part and order Plaintiff to replead without the tortious interference claim. Defendants pray for all other relief at law and in equity to which it may be entitled.

Respectfully submitted,

  /s/ Joseph Hoelscher
**Joseph Hoelscher**
State Bar No. 24042972
joe@hgclaw.com
**HOELSCHER GEBBIA CEPEDA, PLLC**
3030 Nacogdoches Road, Suite 222G
San Antonio, Texas 78217
Phone: 210–222-9132
Fax: 888-519-8229
*Lead Counsel for Defendants*

and

  /s/ Joseph E. Cuellar
**Joseph E. Cuellar**
State Bar No. 24082879
jcuellar@valdeztrevino.com
**Christopher M. Karl**

        State Bar No. 24070035
        ckarl@valdeztrevino.com
        **VALDEZ & TREVIÑO,**
        **ATTORNEYS AT LAW, P.C.**
        Callaghan Tower
        8023 Vantage Drive, Suite 700
        San Antonio, Texas 78230
        Phone: 210–598–8686
        Fax: 210–598–8797
        ***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 28th day of January 2022, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via the email:

Marc D. Katz
DLA Piper, LLP (US)
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Marc.Katz@us.dlapiper.com

&

Allissa A.R. Pollard
Christopher B. Donovan
1000 Louisiana Street, Suite 2800
Houston, Texas 77002
Mark.Waite@dlapiper.com
*Counsel for Plaintiffs*

    /s/ Joseph E. Cuellar
**Joseph E. Cuellar**

{00759947}