UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RESEA PROJECT APS,**

 *Plaintiff*,

v.                 Case No. SA-21-CV-1132-JKP

**RESTORING INTEGRITY TO THE
OCEANS, INC., and KIERAN KELLY,**

 *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a *Motion to Dismiss* (ECF No. 20) filed by Defendants Restoring Integrity to the Ocean, Inc., and Kieran Kelly ("Defendants") to which Plaintiff responded (ECF No. 28) and Defendants replied (ECF No. 31). Within its response, Plaintiff requests an opportunity to amend its complaint as alternative relief. Based on the expedited nature of this action and the unique issues presented, the Court will hold its ruling on Defendants' motion in **abeyance** subject to Plaintiff filing a second amended complaint within fourteen days of the date of this Order to correct the deficiencies outlined herein.

### I. BACKGROUND

The parties in this case both provide services that seek to protect the environment by removing plastics from the ocean. *See* Pl.'s Verified First Am. Compl. (ECF No. 14) ¶ 13; Defs.' Resp. Pl.'s Emergency Mot. Temporary Restraining Order, Preliminary Injunction, Expedited Discovery, and Entry of Protective Order (ECF No. 18) ¶ 2. Plaintiff brings causes of action for defamation, tortious interference with an existing contract, and violations of the Lanham Act. Defendants contend Plaintiff has not plausibly alleged a tortious interference with existing contract claim because Texas requires an allegation that defendant's conduct caused the breach of some

obligatory provision of a contract. *See* Mot. at 4 (relying on *Wickfire, LLC v. Woodruff*, 989 F.3d 343, 348, 354, 356 (5th Cir. 2021)). Plaintiff disagrees.

## II. MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants seek to dismiss Plaintiff's tortious interference with existing contract claim. Under Rule 12(b)(6), litigants may move to dismiss asserted claims for "failure to state a claim for which relief can be granted." As required by Fed. R. Civ. P. 8(a)(2), every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Such requirement provides opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In general, a court addressing a motion under Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citation omitted). When ruling on a motion to dismiss, courts construe the operative pleading "in the light most favorable to the [non-movant] and draw all reasonable inferences in the [non-movant's] favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009). Despite the natural focus on the allegations of the operative pleading, the party moving for dismissal under Rule 12(b)(6) "carries the burden of proof for dismissal." *Newton v. Bank of Am., N.A.*, No. CV SA-19-CA-797-FB, 2019 WL 6048000, at *2 (W.D. Tex. Aug. 29, 2019).

To survive a Rule 12(b)(6) motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *See id.*; *Twombly*, 550 U.S. at 563 n.8. While a complaint need not contain detailed factual allegations to survive a Rule 12(b)(6) motion, a plaintiff must provide more than conclusory allegations, legal conclusions, or formulaic recitations of the elements of a cause of action. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

As stated above, Defendants seek dismissal of Plaintiff's tortious interference cause of action because Texas law requires a plaintiff to prove the breach of an obligatory provision of a contract. Their position is supported by opinions of the Texas Supreme Court and the Fifth Circuit interpreting the Texas opinions.

Relying on *El Paso Healthcare Systems, Ltd. v. Murphy*, 518 S.W.3d 412, 421-22 (Tex. 2017), the Fifth Circuit's "review of Texas law indicates that to prevail on a [tortious interference with an existing contract] claim, the plaintiff must present evidence that some obligatory provision of a contract [was] breached." *Wickfire, LLC v. Woodruff*, 989 F.3d 343, 354 (5th Cir. 2021). Although both *Wickfire* and *Murphy* address the sufficiency of evidence at trial, they provide convincing authority that Texas law requires a plaintiff to allege (at the pleading stage) that defendant's conduct caused a breach of an obligatory provision of a contract to plausibly allege a tortious interference with an existing contract claim.

Under the clear holding of the Texas Supreme Court, ReSea must allege that Defendants' conduct caused ReSea's co-contracting party to breach a contractual obligation. *See Wickfire*, 989 F.3d at 354-55 & n.49 (citing *Murphy*, 518 S.W.3d at 421-22 (quoting *Holloway v. Skinner*, 898 S.W.2d 793, 794-95 (Tex. 1995); *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964

S.W.2d 276, 288 (Tex. 1998)). Therefore, to maintain a claim for tortious interference with an existing contract, ReSea must allege Defendants' conduct caused a co-contracting party to breach an obligatory term or provision of its contract with ReSea, and thus interfered with ReSea's legal rights under the contract. ReSea's amended complaint does not include such an allegation and its argument that Texas law does not require breach of an obligatory provision of a contract for a tortious interference claim is simply not accurate.

### III. CONCLUSION

For the foregoing reasons, the Court will hold its ruling on Defendants' motion in **abeyance** subject to Plaintiff filing a second amended complaint within fourteen days from the date of this Order to correct the deficiencies outlined herein. Should Plaintiff fail to file an amended complaint, the Court will determine the merits of the motion based on the current briefing. Should Plaintiff file an amended complaint, the Court will find the current motion to dismiss moot. But Defendants may file another motion to dismiss against the second amended complaint should they deem such motion warranted.

**IT is so ORDERED.**

**SIGNED this 23rd day of February 2022.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**