**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| RESEA PROJECT APS § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action 5:21-cv-01132-JKP-HJB | |
| § | | |
| RESTORING INTEGRITY TO THE § | | |
| OCEANS, INC. and § | | |
| KIERAN KELLY § | | |
| § | | |
| Defendants. § | | |

**PLAINTIFF RESEA PROJECT APS'S**
***EMERGENCY* MOTION TO ENFORCE COURT ORDER**

Consistent with Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent authority, Plaintiff ReSea Project ApS ("ReSea Project") files this *Emergency* Motion to Enforce Court Order against Defendants Restoring Integrity to the Oceans, Inc. ("RIO") and its CEO, Kieran Kelly, and in support thereof ReSea Project states as follows:

**I.      PRELIMINARY STATEMENT**

ReSea Project needs immediate Court intervention because RIO and Kelly are continuing to violate the Agreed Order on Expedited Discovery (the "Expedited Discovery Order"). In doing so, RIO and Kelly are causing serious, potentially irreparable harm to ReSea Project. Indeed, instead of retaining new counsel, Defendants have spent the last several weeks making false attacks against ReSea Project and harassing ReSea Project customers.

ReSea Project initiated this lawsuit to seek immediate reprieve from Defendants' lies. ReSea Project was prepared to proceed with its application for preliminary injunctive relief on January 28, 2022. But, with the Court's guidance, the Parties agreed to a framework for expedited

discovery under which Defendants would be prohibited from making any further statements about ReSea Project until the Court reached a final decision on ReSea Project's request for preliminary injunctive relief, as reflected in the Expedited Discovery Order. *See* ECF No. 23 at 2. But Defendants never partook in expedited discovery in good faith, wasting substantial resources of ReSea Project and the Court in the process.

Now, Defendants are acting as though they have license to ignore the Expedited Discovery Order altogether with impunity. After their counsel moved to withdraw, Defendants resumed their false attacks against ReSea Project, and Kelly lied to the Court about doing so. *See* ECF Nos. 55, 63. And, despite ReSea Project's filings requesting relief and while claiming to need additional time to retain new counsel, Defendants have continued to attack ReSea Project in flagrant violations of the Expedited Discovery Order, continuing the pattern of malicious behavior that first caused ReSea Project to bring its claims, and request for expedited relief, in this Court. ReSea Project respectfully urges the Court to immediately admonish Defendants for their ongoing violations of the Expedited Discovery Order—even if the Court ultimately decides to postpone any decision about any monetary sanctions to a later date, after Defendants have had additional time to retain counsel. Without immediate intervention by the Court, Defendants will be further emboldened to violate the Expedited Discovery Order in their baseless attacks against ReSea Project.

## II.     ARGUMENTS & AUTHORITIES

"A court may enforce compliance with any valid order . . . through civil contempt." *SEC v. Faulkner*, No. 3:16-CV-1735-D, 2019 WL 277621, at *2 (N.D. Tex. Jan. 22, 2019). "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order."

*SEC v. Res. Dev. Intern. LLC*, 217 F. App'x 296, 298 (5th Cir. 2007). Generally, a moving party must establish the adversary's noncompliance by "clear and convincing" evidence. *Whitcraft v. Brown*, 570 F.3d 268, 271 (5th Cir. 2009). Similarly, Rule 37 gives a district court wide latitude to sanction a party's failure obey a discovery order. *See* FED. R. CIV. P. 37(b).

Here, in the Expedited Discovery Order, Defendants agreed and the Court ordered that "***Defendants shall not, directly or indirectly, make any statements to the public or any third-party regarding Plaintiff***" until the Court rules on ReSea Project's application for a preliminary injunction. *See* ECF 23 at 2. In violation of that order, Defendants have repeatedly published false attacks against ReSea Project online following their counsels' motions to withdraw, and Defendants have lied about it in court. *See* ECF Nos. 55, 63. And, making matters worse, Defendants have been harassing ReSea Project customers in violation of the Expedited Discovery Order. *See, e.g.*, E-mail from Simone Eschenbach (Kneipp) to Kenny Louring (ReSea Project), dated May 20, 2022, ECF No. 63-1 ("We were contacted on Facebook via direct message on the subject. If I see it correctly, from one of the leaders of RIO directly. . . . Below you can find a screenshot of the message and the link of the posted video."); E-mail from Adria Gennuso-Fuchs (True Grace) to Christine Tangdal (ReSea Project), dated May 20, 2022, ECF No. 63-2 ("[W]e have received a message from someone saying that ReSea is greenwashing and that our CEO will be subpoenaed to testify in court . . . While we don't take this threat seriously, we wanted to mention it to you to see if you know anything about it."); WhatsApp Message from Yellow Lids to Christine Tangdal (ReSea Project), ECF 63-3 ("Hi Christine, any updates on Keiron Kelly [sic]? We've received this threat on our Facebook.").

Defendants' harassment of ReSea Project customers continues, despite ReSea Project's recent filings requesting relief on that basis. As the Court may recall, leading up to the entry of the

Expedited Discovery Order, Defendants published a video on the internet attacking ReSea Project and urging specific ReSea Project customers, including The Hidden Sea, to switch to RIO. *See* ECF No. 19 at 2-3. During that video, Kieran Kelly called The Hidden Sea "a great company" and urged it (among others) to "reflect and carefully look at where they're getting their [plastic] offsets." *Id.*

The Hidden Sea did not drop ReSea Project for RIO and, on June 15, 2022, Kelly e-mailed The Hidden Sea, alleging that ReSea Project and The Hidden Sea were involved in some undefined "illegal matter" and that The Hidden Sea would be deposed soon about "all Financial transactions between pack tech, ReSea and the hidden sea wine company." *See* E-mail from Kieran Kelly (RIO) to Justin Moran (The Hidden Sea), dated June 15, 2022, attached as **Exhibit A**. Defendants also took to social media to attack The Hidden Sea, alleging (true to form, without any substantiation) that the company was "involved in a massive international greenwashing investigation" based on its engagement with ReSea Project. *See* Facebook Screenshots, attached as **Exhibit B**.

Defendants have now been afforded almost four additional weeks to retain new counsel. *See* ECF No. 65. And, put simply, Defendants are misusing that goodwill as a license to further violate the Expedited Discovery Order in attacking ReSea Project and harassing its customers. Unless the Court immediately intervenes to admonish Defendants in some form for their repeated, ongoing violations of the Expedited Discovery Order, Defendants will continue to attack ReSea Project, harass ReSea Project customers, and otherwise advance their malicious, false campaign against ReSea Project. *See, e.g.*, *Mayton v. Casas*, No. 20-50886, 2021 WL 1588508 (5th Cir. Apr. 22, 2021) ("His repeated violations of court orders—even after learning that noncompliance might result in dismissal—suggests that a sanction short of dismissal would not have served the interest of justice."); *Ross v. Dejarnetti*, No. CV 18-11277, 2021 WL 24706, at *7 (E.D. La. Jan. 4, 2021)

4

("[S]anctions are necessary to encourage future compliance . . . ."); *Kidwell v. Ruby IV, L.L.C.*, No. CV 18-02052, 2020 WL 6391260, at *8 (E.D. La. Nov. 2, 2020) ("Quite remarkably, after twice . . . blatantly violating a court order. . . , Defendants suggest the Court should give them yet another chance to make it right . . . . The old saying 'insanity is doing the same thing over and over again and expecting a different result' is commonly mis-attributed to Albert Einstein, which is fine because I don't have to be Einstein to know what a bad idea it would be to allow Defendants to continue playing games with the rules, the Court, and their opponents without consequences. To allow this fiasco to continue as Defendants suggest I should would be both foolish and patently unfair to Plaintiffs."); *Luallen v. McConnell*, No. 4:06-CV-585-A, 2007 WL 328689, at *5 (N.D. Tex. Feb. 1, 2007) ("The repeated violations of the Nevada Defendants cause the court to believe that they have no intent in the future to fulfill their obligations to the court or to adhere to requirements imposed on them by orders of the court. The court concludes that all sanctions imposed by this order are just under the circumstances.").

## III. CONCLUSION & REQUEST FOR RELIEF

For the reasons set forth above, ReSea Project respectfully requests that the Court GRANT this Motion, hold an emergency hearing on an expedited basis to admonish Defendants for their violations of the Expedited Discovery Order, and, eventually, hold Defendants in civil contempt and enter sanctions against Defendants as follows:

− A coercive, non-punitive fine of $1,500.00 per Defendant for each social media post, comment, or other public statement violating the Expedited Discovery Order; and

− An award of the attorneys' fees and costs that ReSea Project has incurred in connection with bringing this motion.

Dated: June 24, 2022

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Marc D. Katz*
Marc D. Katz
Texas Bar No. 00791002
marc.katz@us.dlapiper.com
1900 N. Pearl St. Suite 2200
Dallas, Texas 75201
T: 214.743.4500
F: 214.743.4545

Allissa A.R. Pollard
Texas Bar No. 24065915
allissa.pollard@us.dlapiper.com
1000 Louisiana Street, Suite 2800
Houston, TX  77002
T: 713.425.8445
F: 713.425.8401

Christopher B. Donovan, *pro hac vice*
Texas Bar No. 24097614
christopher.b.donovan@us.dlapiper.com
1000 Louisiana Street, Suite 2800
Houston, TX 77002
T:  713.425.8449
F:  713.300.6040

*Counsel for Plaintiff ReSea Project ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 24, 2022, a true and correct copy of the foregoing document is being served on all parties via the Court's ECF system and upon Defendants directly via the following e-mail address: kkelly@oceansintegrity.com.

*/s/ Christopher B. Donovan*
Christopher B. Donovan