UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RESEA PROJECT APS,**

    *Plaintiff*,

v.                                                Case No. SA-21-CV-1132-JKP

**RESTORING INTEGRITY TO THE
OCEANS, INC., and KIERAN KELLY,**

    *Defendants*.

## ORDER REGARDING EMAIL COMMUNICATIONS AND OTHER MATTERS

Before the Court is a "Motion to Appeal" submitted via email by Rico Guerrero on behalf of the pro se Defendant Kieran Kelly. Through such document, Mr. Kelly appears to seek to appeal a decision dated October 4, 2022, but the Court has issued no decision of that date. The document also invokes Fed. R. Civ. P. 73(c), which addresses appealing "a judgment entered at a magistrate judge's direction," but no judgment has been entered in this case, let alone one entered at a magistrate judge's direction. In addition to these problematic issues within the submission, even more fundamental reasons exist to not take any action on the submission as discussed below.

First, in bringing the matter to the undersigned's attention, court staff indicated that this is not the first time that Mr. Guerrero and/or Mr. Kelly have attempted to file something via email to court staff. Although the most recent email does not reflect the capacity of Mr. Guerrero, court staff state that prior emails indicated that he was employed as Chief Financial Officer of the entity defendant. As court staff has informed Mr. Kelly and/or Mr. Guerrero numerous times, it is neither appropriate nor permitted to submit matters to the Court via email. It also improper to submit matters for ex parte consideration, i.e., without involvement of or notice to the opposing party. Apparently, the court staff's procedural answers to repeated inquiries are insufficient for him and his apparent agent, Mr. Guerrero, to comply with court procedures.

Second, about a month ago, the Court addressed several motions then pending before it, including a Motion to eFile (ECF No. 74), filed by Defendant Kelly pro se. With respect to that motion, the Court stated:

> Through the motion to e-file, Defendant Kelly seeks permission to use the Court's e-filing system. While the Court sees the potential benefit of that for all involved, it denies the motion without prejudice to refiling through the proper procedure. Defendant Kelly has not pursued the motion through the proper procedure. The first step to obtaining leave of Court to use the e-filing system is to file an Application for Permission to File Electronically – a form that is available through the District Clerk's Office. Kelly's motion cannot be reasonably construed to be such an application because it lacks the information provided in a completed application. Once a party files such application, the Court considers whether the party should be permitted to utilize the system.

A review of the docket of this case reflects nothing to indicate that Mr. Kelly has complied with the procedure for applying to utilize the Court's efiling system. Moreover, even if Mr. Kelly were authorized to use that system, such authorization would not permit filing anything through an email to court staff as he has on several occasions sought to do.

Because Mr. Kelly and Mr. Guerrero have continued to ignore relevant procedures and procedural guidance provided by court staff, the Court hereby issues the following orders:

1. The Court will take no action on "Motion to Appeal" submitted via email by Rico Guerrero on behalf of the pro se Defendant Kieran Kelly. If Defendant Kelly wants to submit a matter to the Court for review, he must file it through the Court's normal filing procedures.

2. As part of the normal filing procedures, Defendant Kelly must provide notice of court filings to opposing counsel. A failure to provide such notice may result in the Court summarily denying a motion filed with the Court.

3. Because Mr. Guerrero is not a party to this litigation, he may not contact the Court for any reason related to this case. To the extent that he purports to represent the entity defendant, such defendant may proceed only through legal counsel as the Court has previously stated in this case. To the extent that he seeks to represent Mr. Kelly or act on his behalf, only a legal representative can represent Mr. Kelly in court proceedings and all communications to the Court must come through Mr. Kelly himself, as the party to this litigation.

4. Given the abuse regarding communicating with court staff through email, the Court hereby notifies Mr. Kelly that any email correspondence from him may go unanswered. And any emails with attachments or from a non-party to this litigation may be completely ignored by staff. Therefore, if Mr. Kelly desires court action, the proper avenue is through a filing with the Court.

5. Although the Court granted permission for defense counsel to withdraw from this action, *see* ECF No. 60, the Court notes that the docket still reflects attorneys to be notified for both defendants. **The Clerk of Court shall (a) note the termination of these attorneys on the docket; (b) update the docket to reflect contact information for Defendant Kelly as reflected in his Motion to eFile (ECF No. 74); and (c) email Defendant Kelly a copy of the current docket sheet, a copy of this Order, and copies of documents 60, 71, and 76 to assure that Defendant Kelly has received such documents.** For purposes of this Order only, the Clerk of Court may use kkelly@oceansintegrity.com as an email for Defendant Kelly. If Defendant Kelly wants to use a United States address for his contact information, he may do so by filing a Notice of Change of Address with the address he wants to use.

6. The Court admonishes Defendant Kelly that continued abuses of email correspondence or abuses of the judicial process may result in the imposition of sanctions, including a monetary sanction payable to the Court. Furthermore, the Court expects pro se litigants, like all litigants, to follow applicable rules and procedures.

**IT IS SO ORDERED this 5th day of October 2022.**

*/s/ Jason Pulliam*
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**