UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RESEA PROJECT APS,

     *Plaintiffs*,

v.                                                                    No. SA-21-CV-1132-JKP

RESTORING INTEGRITY TO THE
OCEANS, INC., and KIERAN KELLY,

     *Defendants*.

<u>**MEMORANDUM OPINION AND ORDER**</u>

     Before the Court are three somewhat interrelated motions filed by ReSea Project ApS ("Re-Sea" or "Plaintiff"): (1) a *Motion for Default Judgment and Permanent Injunction Against Defendant Restoring Integrity to the Oceans, Inc.* ("RIO") (ECF No. 77); a *Motion for Sanctions and Entry of Default against Defendant Kieran Kelly* ("Kelly") (ECF No. 80); and a *Second Emergency Motion for Preliminary Injunction* (ECF No. 83). Defendant RIO is without counsel and is currently in default in this case. It has filed no response to any of these motions. Defendant Kelly proceeds pro se and has filed no formal response to any motion other than the motion for sanctions even though he remains active in the case overall.[1] *See* ECF No. 84. Plaintiff has filed a reply in support of its motion for sanctions, *see* ECF No. 85, and a reply in response to the Court's request for information as set out in more detail later.

---

[1] As the Court was reviewing the briefing and drafting this Memorandum Opinion and Order, Defendant Kelly emailed court staff an attachment named, "Response to Motion for sanctions and Entry of Default - ReSea." Despite the file name, the document is titled as a response to the second emergency motion. The first two pages appear to be a response for information requested by the Court and indicates that Kelly needs at least six months of discovery and the release of an Attorneys Eyes Only document to be prepared for trial. The remainder of the attached response appears to be identical to the document that Kelly has already filed in response to the motion for sanctions. Despite reviewing the email attachment, the Court will not further consider it. *See* Order Regarding Email Communications and Other Matters (ECF No. 78).

## I. BACKGROUND

The Court conducted a hearing on a prior motion for injunction (ECF No. 16). That hearing

resulted in an Agreed Order on Expedited Discovery (ECF No. 23) and a Confidentiality and Pro-

tective Order (ECF No. 24), both dated February 4, 2022. Since the entry of those orders, the case

has taken many twists and turns.

The next month, Plaintiff moved to compel discovery, *see* ECF No. 36, which the assigned

Magistrate Judge partially granted on March 30, 2022, *see* ECF No. 45. That led to an emergency

motion by Plaintiff regarding spoliation of evidence, *see* ECF No. 47; a sealed motion to compel

filed by Defendants, *see* ECF No. 48; an order for expedited response; *see* ECF No. 49; two mo-

tions to withdraw as counsel for defendants, *see* ECF Nos. 50 and 53; and an emergency motion

by Plaintiff for contempt and discovery sanctions, *see* ECF No. 55. The Magistrate Judge thereafter

granted the motions for counsel to withdraw on May 18, 2022, while setting deadlines for RIO to

secure counsel and for Kelly to advise the Court whether he intended to proceed without counsel

on his individual behalf. *See* ECF No. 60. A month later, Plaintiff moved to enforce the Agreed

Order on Expedited Discovery. *See* ECF No. 66.

The Magistrate Judge later denied the sealed motion to compel, *see* Text Order of June 27,

2022; and, on July 19, 2022, the Magistrate Judge denied the motions concerning spoliation, con-

tempt, and enforcing the agreed order after repeated failures of Defendants to comply with court

orders and Defendant RIO's failure to secure counsel. *See* ECF No. 70. The Magistrate Judge had

previously warned Defendants that a failure to file advisories as required by court order could

result in sanctions, including entry of default. *See id.* at 1-2. After two deadlines for advisories

passed without any filing, the Magistrate Judge "found that, with respect to Defendant RIO, the

repeated failure to comply with Court orders justifies the entry of default pursuant to Federal Rules

of Civil Procedure 16(f), 37(b)(2)(A)(vi), and 55(a)." *Id*. at 2. The Magistrate Judge thus directed

the Clerk of Court to enter default against RIO and denied various motions as moot as to RIO and,

with regard to Kelly, they were denied without prejudice to refiling in conjunction with then pend-

ing motions for preliminary injunction (ECF No. 16) and to dismiss (ECF No. 67). *Id*. at 3. That

same day, the Clerk entered default against RIO. *See* ECF No. 71.

Two months later, the undersigned resolved a number of motions. *See* Order on Motions

(ECF No. 76). With respect to the prior motion for injunction, the Court stated:

> Given all that has transpired, including the filing of a second amended complaint
> and the exchange of discovery sought in the agreed expedited discovery, the Court
> determines that the best course regarding the motion for injunction is to deny it
> without prejudice to its refiling. Such denial will permit Plaintiff to provide the
> most current information that is updated with discovery exchanged to date. After
> receiving the briefing, the Court will consider whether another hearing is necessary.

*Id*. at 3. With respect to a sealed exhibit submitted in support of the prior motion for injunction,

the Court stated:

> Because the Court has now denied the injunction-seeking motion without prejudice
> and without consideration of the submitted exhibit, the Court declines to revisit the
> decision to seal. It will instead direct the Clerk of Court to strike ECF No. 30 and
> its attached exhibits from the docket and make them inaccessible to the public or
> any litigant. This will avoid any potential dispute regarding Defendant Kelly's ac-
> cess to such filing should the Court grant him electronic filing privileges if such
> privileges provide access to sealed filings. Furthermore, with respect to any future
> motion, if Plaintiff intends to rely on the same exhibit or any other purported pro-
> prietary information, it should take care to scrub any filing of proprietary infor-
> mation before submission. Sealing a filing from public access differs from limiting
> access to an opposing party that proceeds pro se.

*Id*. at 5.

After filing the *Motion for Default Judgment and Permanent Injunction* (ECF No. 77)

against RIO and the *Motion for Sanctions and Entry of Default* (ECF No. 80) against Kelly, Plain-

tiff sought leave to file the instant motion for injunction that exceeds the normal page limits. *See*

ECF No. 81. In granting the request to exceed page limitations, the Court considered other matters,

including setting a briefing schedule and considering the possibility of advancing the trial on the merits in accordance with Fed. R. Civ. P. 65(a)(2). It solicited the parties' position on such procedure and other information relevant to conducting a combined hearing/trial in the first quarter of next year.

By not responding to the motion for injunction, Kelly has provided nothing of record regarding his position on advancing the trial on the merits. Although he filed no response to the motion, Plaintiff filed a reply brief to address the matters raised by the Court. *See* ECF No. 86. In addressing the matters raised by the Court, Plaintiff provided the following positions and information: (1) if the Court declines to sanction Kelly with the entry of default, Plaintiff is amenable to an expedited trial setting so long as the Court enjoins Defendants from making false statements in the interim; and (2) a five to eight-day trial in first quarter of 2023 is ambitious yet feasible, but outstanding discovery issues should be addressed prior to trial. *See id.*

Having fully considered the operative complaint, the pending motions, the filed briefing, and all matters of record, the Court finds no need to conduct a hearing, except regarding the motion for preliminary injunction. Given a need for a hearing on that motion, the Court defers ruling on the motion. And, for the reasons that follow, the Court denies the other motions.

## II. DEFAULT JUDGMENT AGAINST RIO

Plaintiff moves for default judgment against RIO based on the Magistrate Judge's direction for the Clerk of Court to enter default against RIO. ECF No. 77 at 1-2. But the mere entry of default does not automatically entitle a plaintiff to default judgment. *See Lewis v. Lynn*, 236 F.3d 766, 767-68 (5th Cir. 2001) (per curiam). Whether to enter a default judgment is ultimately within the sound discretion of the district court. *Id.* at 767. And the Fifth Circuit, has set out a three-step process for obtaining a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th

Cir. 1996).

Here, the Clerk has entered default against RIO and Plaintiff has moved for default judgment. Entry of default does not of itself "preclude a party from challenging the sufficiency of the complaint." *Lewis*, 236 F.3d at 767 (parenthetically quoting *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994)). And courts do not enter default judgment unless there is "a sufficient basis in the pleading for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Quoting *Nishimatsu*, Plaintiff argues that RIO, "by virtue of its default, 'admits the plaintiff's well-pleaded allegations of fact' and 'is barred from contesting on appeal the facts thus established.'" ECF No. 77 at 4. Plaintiff thus proceeds to show why it is entitled to default judgment. *See id*. at 6-23. However, although the entity defendant, RIO, cannot litigate this case without counsel, *see Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-03 (1993) (per curiam), if a defending party, such as Kelly, establishes that the plaintiff has no cause of action, such "defense generally inures to the benefit of a defaulting defendant," *see Lewis*, 236 F.3d at 768 (citation omitted).

Additionally, "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Because Kelly remains to defend this action, any decision as to whether default judgment is warranted should not be addressed until after this action terminates as to all defendants. Accordingly, the Court denies the motion for default judgment against RIO without prejudice to Plaintiff refiling after this case is finally resolved as to Defendant Kelly.

### III. SANCTIONS AGAINST DEFENDANT KELLY

Plaintiff seeks sanctions against Defendant Kelly for alleged lying, destruction of evidence, and repeatedly violating court orders. *See* ECF No. 80 at 1. More specifically, Plaintiff seeks entry of default against Kelly and its reasonable attorneys' fees as sanctions. *See id*. After entry of default, it seeks a schedule to apply for default judgment, damages, fees, costs, and permanent injunctive relief. *Id*. For purposes of this Memorandum Opinion and Order, the Court considers the requested default to be functionally equivalent to requesting default judgment as a sanction. Kelly opposes the motion and suggests that the Court consider sanctioning Plaintiff. *See* ECF No. 84 at 1.

As an initial matter, Kelly has not stated a legal basis for sanctioning Plaintiff, and the Court will not consider sanctioning a party on a passing suggestion in a motion response. For the most part, Kelly simply uses his response to accuse Plaintiff of various wrongs and gamesmanship. But the response clearly voices disagreement with Plaintiff's asserted facts as to the claims asserted against Defendants, and one paragraph does attempt to directly respond to the motion:

> These lawyers must have Googled courtroom shenanigans by postulating ridiculous claims over basic daily email management. To infer that reading and deleting any email would be evidence of lies and deceit only serves their goal to obfuscate Re-Sea's wrong doings. When the Court asked Kieran Kelly to hold onto all relevant emails regarding this matter he willingly complied and continues to do so. The same logic applies to Resea's attorneys [sic] new claims that ESI metadata was or somehow has been scrubbed.

*Id*. ¶ Q. Even this paragraph, however, fails to contest the underlying conduct that Plaintiff contends is sanctionable. While Kelly downplays his conduct as "basic daily email management," parties have an obligation to retain certain documents once litigation is anticipated, *see*, *e.g.*, Fed. R. Civ. P. 37(e), and in this case, litigation was well under way when Kelly was still deleting emails.

The initial basis for discovery sanctions occurred during the time Defendants were represented by counsel. *See* ECF No. 80. But Plaintiff contends that Kelly began lashing out after counsel withdrew by violating the expedited discovery order. *Id.* at 9-12. Plaintiff then shifts gears to Kelly admitting to deleting emails at a hearing on the motions to withdraw and lying about attacking Plaintiff in violation of the expedited discovery order. *See id.* at 13. Plaintiff further contends that, following that hearing, Kelly continued attacking it and harassing its customers. *Id.* at 13-18. Plaintiff also asserts that Kelly deceptively obtained additional time to retain counsel when the true motive was to file a Certificate of Termination with the Texas Secretary of State in a perceived effort to terminate RIO's legal existence under Texas law. *Id.* at 15-16.

Citing Fed. R. Civ. P. 37(b)(2)(A)(vi) and (e)(2)(c), Plaintiff contends that "[v]iolations of discovery orders and other discovery misconduct are sanctionable." ECF No. 80 at 18. Those provisions both identify "default judgment" as a potential sanction under the rules. While there is no disagreement with Plaintiff's broad statement, by its terms, Rule 37(b)(2)(A) is limited to failures "to obey an order to provide or permit discovery." Plaintiff alleges several instances when Kelly violated the Agreed Order on Expedited Discovery (ECF No. 23), but that order does not order anyone to provide or permit specific discovery, except for the production by Plaintiff of a third-party audit that is not at issue. As to alleged conduct by Kelly, the Agreed Order is immaterial to sanctions under Rule 37(b)(2)(A). The Court will not stretch that rule to cover the alleged conduct here.

Plaintiff also contends that Kelly has failed to comply with a discovery order dated March 30, 2022, which partially granted a motion to compel. In pertinent part, that order directed Kelly to "provide defense counsel with access to [two email accounts used by Kelly]" and further directed defense counsel to "supplement Defendants' responses to Plaintiff's requests for production

with relevant metadata **on or before April 15, 2022**." *See* ECF No. 45 at 2. Although Defendants made a supplemental production, Plaintiff contends that it was "clearly deficient and incomplete," thus violating the discovery order of the Court. ECF No. 80 at 6-7, 19. Plaintiff identifies the following deficiencies in the supplementation: (1) failure to produce metadata for many documents previously produced, including documents that Plaintiff had identified as being suspicious; (2) production of only thirty-one emails total, with only three being "non-duplicative e-mails that were not sent 'to' or 'from' ReSea Project employees"; and (3) missing known email communications. *Id*. at 6. From the supplementation, Plaintiff infers: "By all appearances, Defendants produced e-mail communications with ReSea Project (presumably, because ReSea Project already possessed them), but selectively withheld or deleted virtually all other relevant communications." *Id*.

Plaintiff further contends that, on April 21, 2022, defense counsel revealed that Defendants had deleted data subject to the March 30 order. *See id*. at 7, 19. More specifically, Plaintiff states that defense counsel "revealed that Defendants deleted data from their e-mail accounts that was subject to the March 30 Order, including data that was previously produced in a suspicious for-mat." *Id*. at 7.

At a hearing before the Magistrate Judge regarding their motions to withdraw as counsel, defense counsel stated that the issue primarily arose "out of the deletion of a handful of emails; in fact, there are two emails in particular." ECF No. 80-9 at 3. Counsel indicated that they were withdrawing because Kelly informed them that he would "no longer cooperate or participate in a defense with [counsel]." *Id*. at 3-4. Kelly stated on the record:

> We're being bombarded here with mindless accusations coming from them.
> They're speaking of about a couple of emails, they're saying, that was deleted. Your
> Honor, I get hundreds of emails on a daily basis. I'm an environmentalist. When I
> get these emails, I delete hundreds of them. One swipe down through it. If I deleted
> an email, I apologize for that. But it was not deleted intentionally. That's the last
> thing in the world I would do. As God is my witness, I would never do that.

8

*Id.* at 5-6. He agreed that he fired his attorneys and told them that they no longer represent him or RIO. *Id.* at 6.

While the Court recognizes that it is afforded "broad discretion" in fashioning and imposing sanctions under Rule 37(b)(2)(A), *see Law Funder, LLC v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019), there must be an underlying violation of the rule to justify imposition of sanctions. The Court's discretion in this area is "not unlimited." *Emerick v. Fenick Indus., Inc.*, 539 F.2d 1379, 1381 (5th Cir. 1976). The Fifth Circuit has characterized "dismissal with prejudice" as "a sanction of last resort, applicable only in extreme circumstances." *Id*. Court should not "lightly resort to this extreme sanction," and the same is true, when the disobedient party is a defendant, and the plaintiff seeks to strike pleadings. *See id*. Further, the same can be said when the plaintiff seeks another severe sanction, such as default as a precursor to entry of default judgment.

Here, the Court will assume without deciding that Kelly violated the March 30 order based on his concession that he deleted emails and the statement from his former attorney that such deletion included data subject to the court order. But from defense counsel's statements on the record, the material deletion may be limited to two emails. Nevertheless, although Kelly may have provided his attorneys with access to his email accounts, the deletion of emails from such accounts violates the spirit of the discovery order. Further, defense counsel's supplemental response to request for production is rendered incomplete by the absence of relevant, responsive emails that were deleted.

But to seek default as a precursor to default judgment on such conduct, standing alone, is quite a stretch. Rule 37(b)(2)(A) provides seven listed discretionary sanctions for noncompliance with an order to provide or permit discovery. While Kelly's alleged conduct is troubling, it is tempered somewhat by the on-the-record statements from defense counsel. And regardless, the

Court should consider lesser sanctions before resorting to the harsh sanction of default judgment. Moreover, the most egregious aspect of Kelly's discovery conduct is the deletion of emails. Rule 37(e)(2) has more applicability to such conduct and the Court should consider it before ultimately deciding on a path regarding sanctions.

Rule 37(e)(2) provides two paths "[i]f electronically stored information [(ESI)] that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Here, it is undisputed that Kelly received a cease-and-desist letter in October 2021, which demanded "that RIO preserve all evidence relating to the matters discussed in this letter, including but not limited to email accounts, electronically stored information that may be located in personal or business phones (e.g., text messages and all other forms of messages), computers, or portable storage devices." *See* ECF No. 35-21. It is also undisputed that Kelly deleted emails during this litigation. He has conceded that. According to Plaintiff, Kelly's former attorneys confirmed that deleted data related to its requests for production. The Court will assume that Kelly should have preserved at least some of the emails that he deleted. But Rule 37(e)(2) also requires that the ESI "cannot be restored or replaced through additional discovery." Even if the Court assumes that Kelly should have preserved the ESI based on the claims raised in this action, Plaintiff does not address whether additional discovery could replace the lost ESI. Its contention that the lost ESI cannot be restored does not go far enough. Without more, Rule 37(e)(2) provides no basis for sanctions.

Furthermore, Plaintiff requests default as a sanction for Kelly's alleged transgressions. The requested default, of course, is merely a path to pursue default judgment. In the context of Rule 37 sanctions, such a "drastic measure is only to be employed where a lesser sanction would not

substantially achieve the desired deterrent effect." *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003). Other factors in that context are "whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation." *Id*. While courts are not "required to attempt to coax [parties] into compliance with [their orders] by imposing incrementally increasing sanctions," *Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 317 (5th Cir. 2013) (quoting *$49,000 Currency*, 330 F.3d at 379), courts are to consider whether lesser sanctions would achieve the desired effect under the circumstances. Of course, the deterrent effect of sanctions transcends a particular case and its parties because the effect may deter "other parties to other lawsuits" from flouting discovery and other court orders. *See Emerick*, 539 F.2d at 1381 (quoting *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam)).

In summary, the Court finds an insufficient basis to enter default judgment against Kelly under either Fed. R. Civ. P. 37(b)(2)(A) or (e)(2). Plaintiff has not addressed whether deleted emails cannot be replaced through additional discovery. Consequently, Rule 37(e)(2) is not implicated. And if the Court were to accept that the alleged inability to restore equates to an inability to replace, Plaintiff has not shown why default judgment is warranted over a presumption "that the lost information was unfavorable" to Kelly or over a jury instruction that the jury "may or must presume the information was unfavorable" to Kelly. *See* Fed. R. Civ. P. 37(e)(2)(A) and (B).

As to Rule 37(b)(2)(A), it appears that Kelly engaged in some intentional discovery misconduct. The scope of such misconduct is uncertain. At the hearing before the Magistrate Judge, defense counsel conveyed that the scope was limited to a couple of emails. Whether that characterization is accurate is unclear. But Plaintiff does not address the specifics of those emails or provide many specifics on how the deletion has prejudiced it beyond generalities. At this point,

11

the Court finds entry of default judgment as a discovery sanction unwarranted on the facts presented.

Plaintiff also invokes the Court's inherent authority to issue sanctions. ECF No. 80 at 18-19. Federal courts have inherent powers "deemed necessary to protect the efficient and orderly administration of justice and those necessary to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (per curiam). These powers include "the power to levy sanctions in response to abusive litigation practices." *Id*. And the Court certainly has the inherent power to sanction "deplorable conduct" that "is not effectively sanctionable pursuant to an existing rule or statute." *See Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 952 (5th Cir. 2001) (quoting *Carroll v. The Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 292 (5th Cir. 1997)). "It is settled law that the power to punish for contempt is an inherent power of the federal courts and that it includes the power to punish violations of their own orders." *Ingalls v. Thompson (In re Bradley)*, 588 F.3d 254, 265 (5th Cir. 2009) (quoting *United States v. Fidanian*, 465 F.2d 755, 757 (5th Cir. 1972)).

But while "the Court's inherent powers may provide authority to sanction 'conduct which abuses the judicial process,' courts exercise such powers 'with restraint and discretion' due to 'their very potency.'" *H-E-B, L.P. v. Maverick Int'l, Ltd*, No. SA-21-CV-0458-JKP, 2021 WL 5496153, at *6 (W.D. Tex. Nov. 23, 2021) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). As this Court has previously noted, "[i]n general, it is neither necessary nor warranted to invoke the potent inherent power of the Court to obtain the same relief or remedy provided by a specific statutory provision." *Id*. Furthermore, "the threshold for the use of inherent power sanctions is high," and the Court must find bad faith before using its inherent powers to impose sanctions. *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995).

Plaintiff essentially seeks the drastic sanction of default judgment based upon alleged violations of a discovery order, related conduct in violation of Fed. R. Civ. P. 37(e) characterized as spoliation of evidence, and alleged statements made by Kelly in violation of the Agreed Order on Expedited Discovery. The Court's inherent sanctioning authority is not intended to remedy conduct that could be remedied directly under the discovery rules. Consequently, to the extent Plaintiff invokes the Court's inherent power to sanction, it does so to remedy Kelly's statements that allegedly violate the Agreed Order.

By entering the Agreed Order, the Court undoubtedly has authority to enforce compliance and sanction noncompliance. But entering default judgment does not enforce compliance and appears unwarranted without considering imposition of lesser sanctions. The necessary restraint and discretion involved in exercising the potent inherent sanction power of the Court favors, if not mandates, the consideration of lesser sanctions. But Plaintiff makes no appeal for any lesser sanction. It essentially seeks a favorable resolution to this entire lawsuit based upon Kelly's failure to abide by an agreed order submitted by the parties and issued by the Court.

But to obtain default judgment for alleged violations of the Agreed Order seems out of order. By agreement of the parties, the Court issued the Agreed Order restricting certain statements by Defendants pending a ruling on Plaintiff's request for preliminary injunction. Although the Court has not yet addressed the merits of the requested preliminary injunction, Plaintiff essentially seeks default victory and imposition of a permanent injunction against Defendants based on alleged conduct that violates the restriction agreed to by the parties when Defendants were represented by counsel. Such sanction appears unduly harsh under the circumstances.

As the party seeking sanctions, Plaintiff has the burden to show that sanctions are warranted. *See Ford v. Lee*, 137 F.3d 1351, 1351 (5th Cir. 1998) (per curiam) (noting that the movant

has a "heavy burden for imposing sanctions"). And while Plaintiff certainly alleges conduct that might justify sanctions, it has not provided enough to justify the requested sanctions. This case is at an early stage of litigation, expedited somewhat by the initial motion for injunction and the parties Agreed Order for Expedited Discovery. Neither the alleged discovery abuse nor the alleged violations of the Agreed Order warrant entry of default judgment on the information before the Court. This is true even when the Court considers the alleged misconduct in its totality regardless of the legal basis for sanctions.

The Court is by no means condoning any misconduct by Kelly, but it is not inclined to issue a default judgment on the information currently before it. To use a football analogy, Plaintiff went deep for an immediate score instead of methodically matriculating down the field. But Plaintiff missed the mark. It overplayed its hand. And, at this time, the Court declines to consider unrequested lesser sanctions. But the case continues, and the Court will entertain a later-filed motion for sanctions, should Kelly engage in further misconduct or if facts are revealed through discovery to fill gaps noted in this Memorandum Opinion and Order. The Court thus denies the motion for sanctions against Kelly. But such denial is without prejudice to Plaintiff filing a similar type of motion later in this case, if warranted. Through such denial, the Court strives to strike a balance between being too harsh, too quickly and being too lenient.

## IV. MOTION FOR PRELIMINARY INJUNCTION

Plaintiff commenced this action in November 2021. *See* Compl. (ECF No. 1). Since March 2022, the operative pleading has been Plaintiff's Verified Second Amended Complaint ("SAC") (ECF No. 35). Plaintiff asserts four claims against each defendant: (1) defamation rising to the level of defamation *per se*; (2) tortious interference with existing contracts; (3) false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1); (4) tortious interference with prospective business relations; and (5) business disparagement. *See* SAC ¶¶ 85-116.

Plaintiff recently moved for an emergency preliminary injunction and alleges that in response to its recent motions (ECF Nos. 77 and 80), Defendants have "escalated their false and malicious smear campaign." ECF No. 83 at 1. It requests a hearing. *Id.* Although Kelly has filed no specific response to the motion for preliminary injunction, the Court can reasonably construe his response to the motion for sanctions as at least contesting the factual basis of Plaintiff's asserted claims. *See* ECF No. 84 (contesting truth of Plaintiff's claims and continuing to assert fraudulent activity by Plaintiff).

When the parties present a factual dispute, the courts must provide them "a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quoting *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996)). On the other hand, when "the party requesting the injunction cannot show that factual disputes exist regarding the required elements, and cannot introduce evidence sufficient to justify granting the motion, a hearing on the requested injunctive relief is unnecessary." *Id.* When "factual matters are not in dispute, no oral hearing is required and the parties need only be given 'ample opportunity to present their views of the legal issues involved.'" *Healthpoint, Ltd. v. Stratus Pharm., Inc.*, 273 F. Supp. 2d 769, 777 (W.D. Tex. 2001) (quoting *Kaepa, Inc.*, 76 F.3d at 628).

Furthermore, a failure to respond to a motion seeking preliminary injunction may eliminate a need for a hearing. *See Tempur-Pedic N. Am., LLC v. SOS Furniture Co.*, No. 5:20-CV-54-REW, 2020 WL 9216451, at *1 (E.D. Ky. Apr. 7, 2020). By failing to respond, a defendant may concede the factual matters and a lack of response can be construed as not placing any factual matter in dispute. But here, there is no doubt that Kelly disagrees with the factual bases for Plaintiff's claims. That he filed no formal response to the motion does not indicate agreement with the factual bases

asserted. And, as previously noted, the Court can reasonably construe his response to the motion for sanctions as also contesting the motion for preliminary injunction. Moreover, Plaintiff has requested a hearing and must carry its burden to show entitlement to the requested injunction.

For all of these reasons, the Court defers ruling on the motion for preliminary injunction until after a hearing on the motion. The Court, however, cannot conduct a hearing in this matter until after the new year. By separate order, the Court will set some deadlines and address other matters.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** the *Motion for Default Judgment and Permanent Injunction Against Defendant Restoring Integrity to the Oceans, Inc.* (ECF No. 77); **DENIES** the *Motion for Sanctions and Entry of Default against Defendant Kieran Kelly* (ECF No. 80); and **DEFERS RULING** on the *Second Emergency Motion for Preliminary Injunction* (ECF No. 83) pending a hearing to be scheduled. The denials of the two motions are without prejudice as stated within this Memorandum Opinion and Order.

**Consistent with an accompanying order, to facilitate timely receipt of this Memorandum Opinion and Order, the Court hereby directs the Clerk of Court to email a copy to Defendant Kelly at the email address listed in the accompanying order. The Clerk of Court may dispense with mailing a physical copy to Kelly unless court procedures require such mailing.**

**IT IS SO ORDERED this 15th day of December 2022.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**