UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RESEA PROJECT APS,**

    *Plaintiff*,

v.                                                                   Case No. SA-21-CV-1132-JKP

**RESTORING INTEGRITY TO THE
OCEANS, INC., and KIERAN KELLY,**

    *Defendants*.

## ORDER ON MOTIONS

Before the Court are the following motions filed pro se by Defendant Kieran Kelly: (1) Motion to Dismiss (ECF No. 108); (2) Motion to Dismiss (ECF No. 109); (3) Motion for Discovery (ECF No. 113); and (4) Motion to Appointment of Counsel (ECF No. 114). Plaintiff has responded to the motions to dismiss, *see* ECF No. 111, and the motion for discovery, *see* ECF No. 115. There is no reason to wait for any reply brief. *See* W.D. Tex. Civ. R. 7(e)(2). For the reasons that follow, the Court denies each of these motions.

The motion for appointment is a duplicate of a prior such motion that the Court denied. *See* ECF No. 110 (prior motion); ECF No. 112 (order denying motion). There is no need to address the motion again. In its prior denial, the Court identified deficiencies that Kelly must cure in a future motion for appointment. *See* ECF No. 112. The present motion does not cure any of the deficiencies with the original motion. To the extent Kelly intended it to be filed as another motion, the Court denies it for the same reasons stated in the prior order. If, as the Court suspects, Kelly is submitting the same motion both by mail and other permissible means, he is unintentionally creating duplicate filings. There is no need to submit through more than one permissible means.

As Plaintiff points out, *see* ECF No. 115, the motion for discovery is really no more than a list of potential discovery that Kelly might pursue. Kelly requests that the Court approve the motion. But the

Federal Rules of Civil Procedure do not contemplate approving such a motion. The federal rules set out a thorough process for pursuing discovery from both parties and non-parties. No party, even a pro se litigant, can bypass the procedural rules and simply obtain approval for discovery that has not been presented through appropriate channels. The Court denies the motion for discovery.

As to the motions to dismiss, the Court agrees that the motions are untimely to the extent they seek to raise a defense available under Rule 12(b). *See Grost v. United States*, No. EP-13-CV-158-KC, 2014 WL 1783947, at *4 (W.D. Tex. May 5, 2014). But untimeliness of such a motion is "no bar to considering its arguments that the Court lacks subject matter jurisdiction." *Id*. Furthermore, courts may "construe an untimely Rule 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings." *Id*. (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Martinez v. City of Weslaco Tex.*, Civil Action No. 7:12-CV-417, 2013 WL 2951060, at *1 (S.D. Tex. June 14, 2013)).

These principles align perfectly with the waiver principles set out in Fed. R. Civ. P. 12(h). While Rule 12(h)(2) and (3) preserve defenses assertable under Rule 12(b)(1) and (6), Rule 12(h)(1) sets out the circumstances when a party waives any defense listed in Rule 12(b)(2) through (5). Here, Kelly has waived any Rule 12(b)(2)-(5) defense by failing to include any such defense in his answer. *See* Fed. R. Civ. P. 12(h)(1)(B)(ii). Although Defendants filed an original answer on March 25, 2022, they asserted no defenses therein. *See* ECF No. 40.

Furthermore, Defendant Kelly filed a prior motion to dismiss, *see* ECF No. 67, that this Court summarily denied., *see* ECF No. 76. In that order, the Court stated:

> As for the pending motion to dismiss, the Court summarily denies the motion. While seeking dismissal of all claims of Plaintiff, Defendant Kelly neither identifies the claims nor provides any specific legal or factual basis for dismissal. His conclusory assertion that Plaintiff's claims are invalid because Plaintiff illegally operated in Indonesia is insufficient to obtain dismissal of any claim. Defendant also appears to seek access to documents or discovery either provided to the Court or to his previously retained attorneys. But, as Plaintiff points out, Defendant Kelly's newfound pro se status does not entitle him to see discovery produced under an Attorney Eyes Only protective order. Moreover, the requested relief is inappropriate through a motion to dismiss.

*Id*. at 5. Omitting any defense under Rule 12(b)(2)-(5) from the prior motion to dismiss provides an additional reason to find that Kelly has waived any such defense. *See* Fed. R. Civ. P. 12(g)(2) and (h)(1)(A).

Moreover, as to Kelly's challenge to the sufficiency-of-process, a prior filing by Defendants while they were represented by counsel shows that Defendant Kelly "agreed to accept service and also answer or otherwise respond to the Complaint by December 27, 2021." *See* ECF No. 7 at 1-2. Thus, regardless of waiver, Kelly has no viable defense under Rule 12(b)(4).

As mentioned, untimeliness is no bar to Kelly challenging subject matter jurisdiction or asserting a failure to state a claim under Fed. R. Civ. P. 12(c). Likewise, no waiver principle precludes Kelly from challenging those matters. *See* Fed. R. Civ. P. 12(h)(2) and (3). Given Rule 12(h)(3) and Rule 12(b)'s general assertion that Rule 12(b) "defenses must be made before pleading if a responsive pleading is allowed," it naturally follows that a jurisdictional "defense may be raised on a motion under Rule 12(c)." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2020). Regardless, "the district court will apply the same standards for granting the appropriate relief or denying the motion as it would have employed had the motion been brought prior to the defendant's answer under Rules 12(b)(1), (6), or (7) or under Rule 12(f)." *Id*. The label affixed to a motion does "not affect the manner by which the court determines what essentially are Rule 12(b) matters." *Id*. As *Wright & Miller* recognizes:

> Rule 12(c) is merely serving as an auxiliary device that enables a party to assert certain procedural defenses after the close of the pleadings. For example, if a party raises an issue as to the court's subject matter jurisdiction on a motion for a judgment on the pleadings, the district judge will treat the motion as if it had been brought under Rule 12(b)(1).

*Id*. Therefore, although courts often consider untimely Rule 12(b)(1) motions without making any reference to Rule 12(c), the latter rule technically provides the procedural vehicle for presenting the Rule 12(b)(1) defense after an answer.

As to the instant jurisdictional challenge, Plaintiff clearly asserts a claim under federal law thus invoking jurisdiction under 28 U.S.C. § 1331. Kelly merely argues that Plaintiff is a foreign company using United States law and courts to dispute claims about activities Plaintiff conducted outside of the United States. *See* ECF No. 8 and 9. But that argument misses the point. The Court finds no need to delve any deeper into the jurisdiction over this case. It denies the motions to dismiss to the extent Kelly challenges subject matter jurisdiction.

As to any challenge based on a failure to state a claim, the Court denies the motion as a successive motion under Rule 12(c) that is not permitted under the facts here. With exceptions set out in Fed. R. Civ. P. 12(h)(2) and (3), Rule 12(g)(2) states a general prohibition on making successive Rule 12 motions "raising a defense or objection that was available to the party but omitted from its earlier motion." Although a Rule 12(c) motion is one of the exceptions permitted by Rule 12(h)(2), that simply means that a party may pursue a Rule 12(b) motion followed by a 12(c) motion without violating the prohibition on successive Rule 12 motions. However, Rule 12(h)(2) does not permit every successive or serial Rule 12(c) motion. The Federal Rules of Civil Procedure "are not intended to provide that a party can file ad nauseam successive Rule 12(c) motions addressed to the same pleading." *Fisher v. Dallas Cnty.*, No. 3:12-CV-3604-D, 2014 WL 4797006, at *8 (N.D. Tex. Sept. 26, 2014). This Court accepts and applies the following principle set out in *Fisher*:

> The court holds that when a party files a Rule 12(c) motion, the opposing party does not file an intervening pleading (e.g., an amended complaint) that is subject to challenge for failure to state a claim on which relief can be granted, and the party files a second Rule 12(c) motion that is addressed to the same pleading that is the subject of the first Rule 12(c) motion, the second motion is successive and can be denied on that basis.

*Id.* at *9.

Because Kelly's prior motion to dismiss raised the issue of the validity of Plaintiff's claims, Kelly was attacking the claims for a failure to state a claim. And, because Defendants had already filed their answer, Kelly's prior motion asserting a failure to state a claim arose under Rule 12(c), rather than Rule 12(b)(6). Through the present motions to dismiss, Kelly is simply attempting to obtain relief under Rule 12(c) regarding the same pleading at issue in his prior motion to dismiss that arose under Rule 12(c). Consequently, the Court denies the present motions to dismiss as successive to the extent they assert a failure to state a claim.

For the foregoing reasons the Court **DENIES** the following motions filed pro se by Defendant Kieran Kelly: (1) Motion to Dismiss (ECF No. 108); (2) Motion to Dismiss (ECF No. 109); (3) Motion for Discovery (ECF No. 113); and (4) Motion to Appointment of Counsel (ECF No. 114). The denial of the

latter motion is without prejudice to Defendant Kelly seeking counsel consistent with the Court's prior denial of a similar motion. *See* ECF No. 112.

**IT IS SO ORDERED this 17th day of March 2023.**

*[signature: Jason Pulliam]*
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**