UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RESEA PROJECT APS,**

   *Plaintiff*,

v.                                                            Case No. SA-21-CV-1132-JKP

**RESTORING INTEGRITY TO THE
OCEANS, INC., and KIERAN KELLY,**

   *Defendants*.

### ORDER ON
### MOTION TO COMPEL

Before the Court is a *Motion to Compel Discovery and Continue Trial* (ECF No. 119) filed by Plaintiff. Defendant Kieran Kelly has filed a response (ECF No. 122), and the Court conducted a hearing on the motion and other matters on April 11, 2023. Pursuant to Fed. R. Civ. P. 37, Plaintiff seeks to (1) compel Kelly to appear for a deposition, (2) order him to stop tampering with witnesses, (3) find him in violation of a March 2022 order (ECF No. 45), (4) overrule objections to identified discovery requests and compelling supplementation; and (5) continue trial.

Although not all of these matters fall under the purview of Rule 37, the Court will address each one. The Court resolved three of these matters at the hearing even though it deferred the ultimate ruling at that time. Kelly appeared for deposition on April 11, 2023. And, while Kelly denied interfering with witnesses, the Court addressed the matter at the hearing. To the extent there may be any confusion, Defendant Kelly shall not interfere with discovery sought from other individuals, particularly Rico Guerrero and Keith Flitner. The Court, furthermore, canceled the trial and final pretrial conference subject to resetting them after resolving the pending motions. The Court thus now formally grants the motion as to these three matters.

Turning toward the March 2022 order that Plaintiff contends Kelly violated, the Court finds that Kelly did violate that order. When the Magistrate Judge issued that order to partially grant a prior motion to compel, both Defendant Kelly and Defendant Restoring Integrity to the Oceans, Inc. ("RIO") were active in the case with retained counsel. In pertinent part, the Magistrate Judge ordered Defendant Kelly to provide defense counsel with access to the two email accounts at issue in the motion and further directed defense counsel to supplement the "responses to Plaintiff's requests for production with relevant metadata on or before April 15, 2022." ECF No. 45 at 2.

Plaintiff concedes that Defendants made a supplemental production as ordered, but it contends that Defendants failed to re-produce documents with accompanying metadata as required by the court order. ECF No. 119 at 6. Plaintiff further complains that the "supplemental production included only thirty-one e-mail files in total and, of those files, only three were non-duplicative e-mails that were not sent 'to' or 'from' ReSea Project; the production included virtually no internal RIO correspondence." *Id*. Plaintiff also states that "Defendants have had responsive communications with third parties that Defendants never produced." *Id*. (identifying an email from Kelly submitted as ECF No. 16-18).

The Court previously addressed the same contentions. *See* ECF No. 87 at 7-9. At that time, the Court stated:

> Here, the Court will assume without deciding that Kelly violated the March 30 order based on his concession that he deleted emails and the statement from his former attorney that such deletion included data subject to the court order. But from defense counsel's statements on the record, the material deletion may be limited to two emails. Nevertheless, although Kelly may have provided his attorneys with access to his email accounts, the deletion of emails from such accounts violates the spirit of the discovery order. Further, defense counsel's supplemental response to requests for production is rendered incomplete by the absence of relevant, responsive emails that were deleted.

*Id*. at 9. Although the Court's implicit decision is quite clear from the context, the prior motion did not compel a definitive decision on the matter because the circumstances did not warrant the

requested sanction.

One might make the same observation on the instant motion. Here, Plaintiff seeks a specific finding that Kelly violated the March 2022 order even though it does not seek sanctions at this time. ECF No. 119 at 14-15. Instead, it "suggests deferring a decision on the ultimate sanction for such misconduct until after Kelly is ordered to appear for his deposition and after ReSea Project has had an opportunity to compel compliance with subpoenas issued to Flitner and Guerrero." *Id*. While at this point the Court does not see an urgent need for the finding Plaintiff requests, it has no difficulty in finding that Kelly did violate the March 2022 order. And such finding may function as a deterrent for similar abuses of the discovery process. But the Court withholds any opinion as to the extent of such violation and any repercussion therefrom remains unclear.

Turning to the last issue, Plaintiff asks the Court to overrule objections asserted against three Requests for Production ("RFP") – RFP 1, RFP 2, and RFP 6. *See* ECF No. 119 at 15-17. Each of these requests suffer from a similar defect. They each seek a broad array of documents "relating to" more narrowly tailored matters. The Court quotes the RFPs and paraphrases the objections as follows:

> RFP 1: Produce any documents and communications supporting or relating to Defendants' allegations that (a) ReSea Project dumped reclaimed plastic into the hydrosphere, and/or (b) ReSea Project added non-plastic material (e.g., nets, ropes, oil, rocks, etc.) to plastic collections in order to increase the weight of those collections and, in turn, overcharge its customers.
>
> Objection: Request does not request a document or category of documents with reasonable particularity.
>
> RFP 2: Produce all documents and communications, including Defendants' social media content and associated data (including but not limited to Facebook activity reports) from July 1, 2021 to January 20, 2022 referencing or relating to ReSea Project, DNV, VeChain, The Hidden Sea, the Bahasa Utama waste bank, or PT Daur (including its corporate officer, Febry Heryanto).
>
> Objections: Request is overbroad, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

3

>RFP 6: Produce all documents and communications reflecting or relating to Defendants' demand for payment from ReSea Project.

>Objections: Request is misleading and misstates the facts. Additionally, the request does not request a document or a category of documents with reasonable particularity.

"The party resisting discovery must show specifically how each discovery request is . . . objectionable." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 729 n.9 (5th Cir. 2018)). Other than objecting to the requests, Kelly, as the party resisting discovery, has presented nothing to carry that burden. The Court thus overrules the objection that RFP 6 is misleading or misstates the facts. It also overrules the objection that RFP 2 is harassing and not reasonably calculated to lead to the discovery of admissible evidence. As for the latter objection, the Court also notes that a 2015 amendment to Fed. R. Civ. P. 26 deleted a reference to "reasonably calculated to lead to the discovery of admissible evidence" as a guide to the proper scope of discovery. *See id*. at 573.

The Court, however, partially sustains the objections regarding reasonable particularity and over broadness. Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure requires that each request for production "must describe with reasonable particularity each item or category of items to be inspected." This means that the request must provide "reasonable notice" of what items are responsive and which items are not. *Lopez*, 327 F.R.D. at 575 (citations omitted). Of course, the circumstances of a given case may affect whether a request is properly objectionable. *Id*. In some instances, courts may "find a request overly broad or unduly burdensome on its face, if it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope." *Audiotext Commc'ns Network, Inc. v. US Telecom,*

4

*Inc.*, No. CIV.A.94-2395-GTV, 1995 WL 625962, at *6 (D. Kan. Oct. 5, 1995). In such instances, the objection coupled with the facially broad language of the request for production suffices to sustain the objection.

The circumstances here provide adequate reason to partially sustain such objections on that basis. While requesting all documents or communications may be problematic standing alone, the use of omnibus phrases, such as "relating to" or "pertaining to" in conjunction with such lack of specificity compounds the problem. *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665 (D. Kan. 1999); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 197-98 (D. Kan. 1996). Even though a court penned these cases more than two decades ago, the principles addressing such omnibus phrases remain as authoritative now as then. *See Lopez*, 327 F.R.D. at 575-76 (also criticizing use of "relating to" in requests for discovery).

When "use of the omnibus phrase 'relating to' . . . does not modify a specific type of document, but rather all documents," such use "makes the request overly broad" on its face. *Cotracom*, 189 F.R.D. at 665. On the other hand, using a term such as "'reflecting' does not necessarily make a request overly broad on its face," unless it is "use[d] in conjunction with other non-specific language." *Id.* at 666. The Court views use of "referencing" the same as use of "reflecting." "A party resisting facially overbroad or unduly burdensome discovery need not provide specific, detailed support." *Mackey*, 167 F.R.D. at 197.

Even though the Court finds each of the at-issue requests for production facially objectionable to some extent, the requests are not completely objectionable. The Court thus sustains in part and overrules in part the objections found facially objectionable. Parties must produce documents to the extent requests are not objectionable. *Id.* at 198; *Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014). Further, Rule 34(a)(1) limits production to "items in the responding party's

possession, custody, or control." To the extent RFP 1, RFP 2, and RFP 6 are facially overly broad or violate Rule 34's reasonable particularity requirement as found herein, one can adequately remedy such objectionable nature by deleting "or relating to" from each request.

As modified, RFP 1 seeks documents and communications that support specific allegations made by Defendants; RFP 2 seeks documents and communications that reference specifically identified entities, persons, or locations; and RFP 6 seeks documents and communications that reflect a demand for payment from Plaintiff. Properly understood, RFP 1 essentially does no more than to seek production of some documents that may satisfy the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(A)(ii) as to identified defenses of Defendants. Courts properly allow such request for production. *See Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 587 (N.D. Tex. 2016) (ordering production of documents "that would be covered by [Rule] 26(a)(1)(A)(ii)'s requirement that a party disclose 'a copy . . . of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment'"). The Court hereby compels Defendant Kelly to supplement his response to these three requests for production as modified herein.

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** the *Motion to Compel Discovery and Continue Trial* (ECF No. 119) filed by Plaintiff. The Court grants the motion except to the extent Plaintiff seeks an order to completely overrule objections to the three requests for production discussed herein. As to those requests for production, the Court overrules all asserted objections except that it only partially overrules the objections discussed herein as facially objectionable. Defendant Kelly shall supplement his response to the three at-issue requests for production **on or before May 4, 2023**. Plaintiff shall file an advisory **on or before May**

**11, 2023**, to indicate (1) whether it has been able to secure compliance with subpoenas issued to Guerrero and Flitner, and (2) to what extent ReSea Project intends to seek sanctions for Kelly's discovery misconduct. Absent further order, the Court will not reset trial until after it resolves any renewed motion for sanctions.

    **It is** so **ORDERED this 20th day of April 2023.**

_Jason Pulliam_
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**