**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**RESEA PROJECT APS,**

    *Plaintiff*,

**v.**                                   **Case No. SA-21-CV-1132-JKP**

**RESTORING INTEGRITY TO THE**
**OCEANS, INC., and KIERAN KELLY,**

    *Defendants*.

## <u>ORDER ADDRESSING MOTIONS</u>

Before the Court are three motions filed by pro se Defendant Kieran Kelly: (1) an *Emergency Motion for Injunction and Sanctions* (ECF No. 129); a *Motion for Witnesses* (ECF No. 130); and a *Motion for Discovery* (ECF No. 131). Plaintiff has filed a response to each motion. *See* ECF Nos. 133, 135. Defendant Kelly has filed no reply brief regarding his motions. Essentially for the reasons stated in the responses to the motions, the Court finds the motions lack merit and thus denies them.

Through his motion for injunction and for sanctions, Kelly requests that the Court order Plaintiff "to seize [sic] and desist all communications with outside entities and people regarding this case," based upon unsupported reports of Plaintiff bullying and intimidating potential witnesses. He also seeks sanctions against Plaintiff for it contacting names Kelly disclosed at his deposition. Based on the unsubstantiated allegations in the motion, Kelly has provided no legitimate basis for an injunction or sanctions.

Through his motion for witnesses, Kelly requests court approval of his list of witnesses that he apparently purports to call at trial. The premise for this motion is unclear. There is no requirement that the Court approve a witness list prior to trial. As part of the pretrial and trial process, parties are expected to exchange witness lists. As part of that process, an opposing party

might assert an objection to a particular witness that the Court will consider and issue a ruling. But those are not matters pertinent at this time.

Through his motion for discovery, Kelly requests court approval for proposed discovery. He requests records of physical audits and access to various managers or individuals associated with non-parties. This motion improperly seeks court approval of discovery that has not been pro-pounded through the discovery process. The Court denies the motion. The Court further notes that Plaintiff stated in response that it would "object and/or respond" to the request for records "as though it was propounded pursuant to Rule 34 of the Federal Rules of Civil Procedure." *See* ECF No. 133. That is an acceptable process under the circumstances of this case.

For the foregoing reasons, the Court **DENIES** the three motions filed by pro se Defendant Kieran Kelly: (1) *Emergency Motion for Injunction and Sanctions* (ECF No. 129); *Motion for Witnesses* (ECF No. 130); and *Motion for Discovery* (ECF No. 131). The Court initially intended to issue this order contemporaneously with the Order to Show Cause (ECF No. 140), but it was not docketed. Suffice to say, this order does not change the Order to Show Cause or the three advisories received since that order.

It is so **ORDERED this 3rd day of October 2023.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**