UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RESEA PROJECT APS,**
    *Plaintiff*,

v.                                                        Case No. SA-21-CV-1132-JKP

**RESTORING INTEGRITY TO THE
OCEANS, INC., and KIERAN KELLY,**
    *Defendants*.

## DEFAULT JUDGMENT

Having considered the issues presented to it, the Court has found that Defendants have engaged in sanctionable conduct which warrants entry of default judgment. For the reasons stated in the Memorandum Opinion and Order filed contemporaneously, the Court finds that Plaintiff is not entitled to exemplary damages under Texas law or attorneys' fees under the Lanham Act, but is entitled (1) a permanent injunction as set forth herein; (2) economic damages of $172,278; (3) noneconomic damages of $344,556; (4) prejudgment interest of $60,907.77; and (5) post-judgment interest on the total current damages and interest ($577,741.77) in accordance with 28 U.S.C. § 1961(a), which will be calculated at an interest rate of 3.95% as of today, resulting in an accrual rate of $62.52 per day currently, compounded annually as required by § 1961(b).

Defendants Restoring Integrity to the Oceans, Inc. ("RIO") and Kieran Kelly are jointly and severally liable for these damages and other monetary amounts. Costs other than attorney fees are assessed against Defendants.

As for the entered permanent injunction, Plaintiff has made a sufficient showing of the following matters to warrant the issuance of this permanent injunction:

    (a) Plaintiff and RIO are competitors that offer similar services, i.e., removing plastic from the hydrosphere in exchange for a fee;

(b) Defendants have a substantial social media following and use their social media accounts to advertise their business;

(c) using their social media platforms, Defendants have made literally false statements of fact and/or misleading statements about Plaintiff and its services;

(d) to obtain wide dissemination of their social media statements, Defendants use hashtags and tag influential persons and organizations, as well as existing and potential customers of Plaintiff;

(e) the false and misleading statements of Defendants are material and harmful to Plaintiff; and

(f) Plaintiff has been damaged by the false and misleading statements.

These matters; the entirety of the contemporaneous Memorandum Opinion and Order; and the Memorandum Opinion and Order dated January 17, 2023, provide the required reasons for issuing this permanent injunction.

Defendants RIO and Kelly are specifically restrained and enjoined from directly or indirectly making any false or misleading commercial statements about Plaintiff or Plaintiff's services, including but not limited to statements regarding Plaintiff (1) putting oil or other matter with collected plastic to make the bags heavier, (2) adding material to collected plastic to make it look like local fishermen dumped the plastic, (3) dumping waste or reclaimed plastic into the hydrosphere; (4) committing fraud against its customers, and (5) engaging in corporate greenwashing.

This permanent injunction shall be effective immediately. In accordance with Fed. R. Civ. P. 65(d)(2), this permanent injunction binds "only the following who receive actual notice of it by personal service or otherwise:" (A) Defendants RIO and Kelly; (B) their "officers, agents, servants, employees, and attorneys, and" (C) "other persons who are in active concert or participation with anyone described in" subparagraphs (A) or (B).

**IT IS SO ORDERED this 24th day of September 2024.**

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE